[No. 13563-9-II.   Division Two.   November 21, 1991.]

DOUGLAS G. HOFLIN, *Appellant*, v. THE CITY OF OCEAN SHORES, *Respondent*.

*John L. Farra,* for appellant.

*Donald G. Daniel* and *Law, Dominick, Hemstad, Lyman & Daniel, P.S.,* for respondent.

WORSWICK, C.J. — The Ocean Shores city manager fired its public works director, Douglas Hoflin, and Hoflin sued for wrongful termination. The Superior Court dismissed his claim on summary judgment. The dispositive issue on Hoflin's appeal is whether he was afforded *Loudermill/*

*Danielson*[1] due process where Ocean Shores notified him of a specific cause for termination that the Superior Court later found invalid, and Ocean Shores then relied on another cause that was valid. We hold that Hoflin was not afforded due process.

In 1986, Hoflin was convicted of federal crimes for ordering hazardous waste disposal in violation of federal environmental laws. The city manager, on the advice of the city attorney, notified Hoflin that Ocean Shores had no choice but to fire him because of the provisions of RCW 9.92.120.[2] Hoflin was invited to respond, but he did not and was terminated.

During summary judgment proceedings in the wrongful termination suit, the trial court held that RCW 9.92.120 did not, as the city manager believed, effect an automatic forfeiture of Hoflin's position. It also held, however, that the termination was proper because Hoflin either was employed "at will" or the criminal convictions constituted valid "just cause" for the termination under applicable Ocean Shores ordinances. Ocean Shores has not appealed the ruling that RCW 9.92.120 does not apply; that ruling is the law of the case. *Vigil v. Spokane Cy.*, 42 Wn. App. 796, 799, 714 P.2d 692 (1986).

■ We reject Ocean Shores's first contention, that Hoflin's employment was terminable at will. Hoflin had no written employment contract, his tenure was not fixed, and he was not under civil service. However, under state law and Ocean Shores ordinances Hoflin was a city employee under the control and direction of the city manager. By those ordinances, the City limited itself to discharging employees only for just cause, a term the City chose to

---

[1]*Danielson v. Seattle*, 108 Wn.2d 788, 742 P.2d 717 (1987) (following *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 84 L. Ed. 2d 494, 105 S. Ct. 1487 (1985)).

[2]RCW 9.92.120:

"The conviction of a public officer of any felony or malfeasance in office shall entail, . . . the forfeiture of his office, . . .".

define specifically in the ordinance.[3] We hold that the ordinance was sufficient to raise in Hoflin an expectation that he would be terminated only for "just cause". *See Perry v. Sindermann*, 408 U.S. 593, 601, 33 L. Ed. 2d 570, 92 S. Ct. 2694 (1972) (due process property interest attaches if there are "rules or mutually explicit understandings" between public employee and employer); *Bishop v. Wood*, 426 U.S. 341, 48 L. Ed. 2d 684, 690, 96 S. Ct. 2074 (1976) (statute or ordinance can create expectation of continued public employment); *Barnett v. Housing Auth.*, 707 F.2d 1571 (11th Cir. 1983) (protectable property interest created by housing authority regulations, which permit discharge only for cause); *Glenn v. Newman*, 614 F.2d 467 (5th Cir. 1980) (city regulations allowing discharge only for listed violations create an expectation of continued employment); *Perez v. Cucci*, 725 F. Supp. 209 (D.N.J. 1989) (city ordinance stating that permanent employees of police department may not be removed except for just cause creates a protectable property interest in employment), *aff'd*, 898 F.2d 142 (3d Cir. 1990). *See also Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219, 685 P.2d 1081 (1984). Hoflin, therefore, had a protected property interest in his job, and was entitled to *Loudermill* due process. *Cleveland Bd.*

---

[3] RCW 35A.13.080 provides in part:

"The powers and duties of the city manager shall be:

". . . .

"(2) To appoint and remove at any time all department heads, officers, and employees of the code city, . . . subject to the provisions of any applicable law, rule, or regulation relating to civil service[.]"

The pertinent sections of the ordinance are as follows:

Section 2.24.020 defines "employee" as "any individual occupying a position in service with the city"; and defines "dismissal" as "the discharge of an employee . . . by the city manager for just cause."

Section 2.24.200: "All employees shall be subject to disciplinary action including . . . dismissal for one or more of the causes or grounds . . . set forth in these rules."

Section 2.24.210: "All appointed employees may be subjected to disciplinary action for cause, including but not limited to: A: Conviction of a crime; . . .".

*Baldwin v. Sisters of Providence in Wash., Inc.*, 112 Wn.2d 127, 769 P.2d 298 (1989) does not support Ocean Shores's argument that just cause is any cause that the employer in good faith believes is just. *Baldwin* involved a private employment contract in which just cause was not specifically defined. The Supreme Court, therefore, was required to formulate a definition.

*of Educ. v. Loudermill*, 470 U.S. 532, 84 L. Ed. 2d 494, 105 S. Ct. 1487 (1985). *Danielson v. Seattle*, 108 Wn.2d 788, 796-97, 742 P.2d 717 (1987).

Ocean Shores next asserts that, even though the cause specified in its notice to Hoflin may have been invalid, it in fact had just cause for Hoflin's termination; Hoflin had been convicted of a crime and his conviction had been affirmed. *United States v. Hoflin*, 880 F.2d 1033 (9th Cir. 1989). Ocean Shores relies on *Haag v. Revell*, 28 Wn.2d 883, 184 P.2d 442 (1947), a private employment case holding essentially that if an employer in fact has valid cause for termination, its erroneous reliance on an invalid cause is irrelevant. Ocean Shores then attempts to dispose of due process, virtually as a side issue, by arguing only that the *Loudermill/Danielson* due process requirements were met because Hoflin was given notice of a cause for termination and had the opportunity to respond. Ocean Shores's reliance on *Haag* is misplaced; the issue before us is not whether there existed a valid, albeit unspecified, cause that might have supported termination of private employment to which due process did not apply. Rather, we are concerned with whether Hoflin was accorded the due process required in the termination of a public employee.

█ A fundamental requirement of due process is adequate notice. In our view, notice specifying cause for termination does not comport with due process if, in favor of a different cause when a court later finds the specified cause invalid, the employer abandons the specified cause. Ocean Shores argues that the underlying reason for termination was, after all, Hoflin's convictions, so it should not matter that the cause specified in the notice was the application of RCW 9.92.120; the statute only applies where there has been a criminal offense. The argument will not wash, for if the convictions were the cause, the manager had discretion to terminate or not. Hoflin, accordingly, might at the pretermination stage have persuaded the manager that he should not be terminated. Mandatory application of the statute, on the other hand, allowed the manager no discretion. Hoflin could hope for nothing unless he could convince the manager that the city attorney was wrong, not a realistic prospect.

Although the requirements of *Loudermill* can be satisfied informally,[4] they serve the very important purpose of guarding against termination based upon a mistake. *See Danielson*, 108 Wn.2d at 798. Here, that purpose was not served. Ocean Shores not only made a mistake, it now compounds it by relying on a cause not specified in the pretermination notice.

A public employee terminated for cause is entitled to *meaningful* due process, an essential of which is pretermination notice of the *real* cause for termination. Hoflin did not have it.

Reversed.

PETRICH and ALEXANDER, JJ., concur.

Review granted at 119 Wn.2d 1001 (1992).

---

[4]*Williams v. Seattle*, 607 F. Supp. 714 (W.D. Wash. 1985) (*Loudermill* satisfied when public employee received letter detailing allegations against him and informing him of the opportunity to respond); *Gibson v. Auburn*, 50 Wn. App. 661, 748 P.2d 673 (meeting between employer and employee's attorney discussing possibility of and reasons for discharge satisfies *Loudermill*), *review denied*, 110 Wn.2d 1028 (1988); *Payne v. Mount*, 41 Wn. App. 627, 705 P.2d 297 (discussion of allegations at meeting between employee and employer satisfies *Loudermill*), *review denied*, 104 Wn.2d 1022 (1985).