[No. 12530–3–I.   Division One.   August 26, 1985.]

KENNETH PAYNE, ET AL, *Appellants*, v. LARRY
MOUNT, ET AL, *Respondents*.

*Chapman, Forbes & Pack* and *Henry S. Chapman,* for appellants.

*David S. McEachran, Prosecuting Attorney,* and *Gene R. Moses, Deputy,* for respondents.

SCHOLFIELD, A.C.J.—Kenneth Payne and his wife appeal the grant of summary judgment to Larry Mount and Whatcom County. Payne contends that the procedures followed in discharging him as a deputy sheriff violated his right to due process under the United States and Washington Constitutions. We affirm.

## FACTS

Payne was a tenured deputy sheriff for Whatcom County. Larry Mount, Sheriff of Whatcom County, learned on September 24, 1981, that the Child Protective Services Division of the Department of Social and Health Services was investigating Payne for the possible sexual abuse of his 13–year–old stepdaughter. Mount asked Detective Robert Herring of the Snohomish County Sheriff's Office to investigate.

Herring interviewed Payne's stepdaughter on October 1, 1981, and filed a written report with Mount the following day. This report contained the stepdaughter's allegations that Payne had reached inside her clothing and had rubbed her breasts and pubic area on at least one occasion between September 1980 and June 1981. Mount also received a 3½–page written statement from the girl, in which she stated that this sexual contact had occurred on about five occa-

sions.[1]

Herring interviewed Payne on October 2, and that evening Payne allegedly called him and admitted that portions of the allegations were true and offered "to make a deal." Payne acknowledges that the telephone conversation took place, but claims that he denied touching his stepdaughter's pubic area and admitted only that he touched her breast accidentally.

The stepdaughter was placed in a foster home on October 2, and a dependency petition was filed, citing sexual abuse by Payne, on October 6. On October 7, Payne's attorney[2] called Mount and spoke with him while Payne and his wife were present. A meeting was arranged between Mount and Payne and his wife for that same day. At this meeting, the matter was discussed and Mount allegedly asked Payne to resign.[3]

The next day, Payne's stepdaughter failed to return to her foster home after school. Mount contends that Payne knew where she was, but told the Sheriff's Department that he did not. Payne denies ever knowing her whereabouts.

In a letter dated October 9, 1981, Mount discharged Payne. This letter did not refer to the allegations of sexual abuse specifically; instead, it cited RCW 41.14.110[4] and

---

[1]This statement was written by Detective Herring, as told to him by the girl. Although Sheriff Mount stated in his affidavit in support of the motion for summary judgment that he received the statement on October 2, 1981, it is dated October 6, 1981.

[2]Payne's attorney apparently withdrew representation on October 9, 1981. Payne is represented by different counsel in this appeal.

[3]Payne and his wife referred to this meeting in their affidavits, but Mount did not. Payne also asserted in his affidavit that: "Sheriff Mount never discussed the six reasons he set forth in the letter of discharge given to me on October 9, 1981."

[4]RCW 41.14.110 provides:
"The tenure of every person holding an office, place, position, or employment under the provisions of this chapter shall be only during good behavior, and any such person may be removed or discharged, suspended without pay, demoted, or reduced in rank, or deprived of vacation privileges or other special privileges for any of the following reasons:

Whatcom County Civil Service Commission Rule 9[5] (WCCSCR) and listed virtually verbatim the reasons for discharge set forth therein.

Payne sent the Whatcom County Civil Service Commission a letter on November 2, 1981, appealing his termination. The Commission responded 3 days later, denying the

---

"(1) Incompetency, inefficiency, or inattention to, or dereliction of duty;

"(2) Dishonesty, intemperance, immoral conduct, insubordination, discourteous treatment of the public, or a fellow employee, or any other act of omission or commission tending to injure the public service; or any other wilful failure on the part of the employee to properly conduct himself; or any wilful violation of the provisions of this chapter or the rules and regulations to be adopted hereunder;

"(3) Mental or physical unfitness for the position which the employee holds;

"(4) Dishonest, disgraceful, or prejudicial conduct;

"(5) Drunkenness or use of intoxicating liquors, narcotics, or any other habit forming drug, liquid, or preparation to such extent that the use thereof interferes with the efficiency or mental or physical fitness of the employee, or which precludes the employee from properly performing the function and duties of any position under civil service;

"(6) Conviction of a felony, or a misdemeanor involving moral turpitude;

"(7) Any other act or failure to act which in the judgment of the civil service commission is sufficient to show the offender to be an unsuitable and unfit person to be employed in the public service."

[5]Whatcom County Civil Service Commission Rule 9 provides, in pertinent part:

"Section 4. *Causes Enumerated* Any person permanently appointed to the classified service may be removed or discharged, suspended without pay, demoted or reduced in rank or be deprived of vacation privileges or other special privileges for any of the following reasons:

"(1) Incompetency, inefficiency, or inattention to, or dereliction of duty.

"(2) Dishonesty, intemperance, immoral conduct, insubordination, discourteous treatment of the public, or a fellow employee, or any other act of ommission [*sic*] or commission tending to injure the public service; or any other wilful violation of the provisions of this act or the rules and regulations to be adopted hereunder.

"(3) Mental or physical unfitness for the position which the employee holds.

"(4) Dishonest, disgraceful, or prejudicial conduct.

"(5) Drunkness [*sic*] or use of intoxicating liquors, narcotics, or any other habit forming drugs, liquid, or preparation to such extent that the use thereof interferes with the efficiency or mental or physical fitness of the employee, or which precludes the employee from properly performing the function and duties of any position under Civil Service.

"(6) Conviction of a felony or misdemeanor involving moral terpitude [*sic*].

"(7) Carelessness or negligence in use of County property."

request as untimely under RCW 41.14.120[6] and WCCSCR 11, § 2.[7]

Payne was acquitted of indecent liberties in March 1982.

[6]RCW 41.14.120 provided in 1981:

"No person in the classified civil service who has been permanently appointed or inducted into civil service under provisions of this chapter, shall be removed, suspended, or demoted except for cause, and only upon written accusation of the appointing power or any citizen or taxpayer; a written statement of which accusation, in general terms, shall be served upon the accused, and a duplicate filed with the commission. Any person so removed, suspended, or demoted may within ten days from the time of his removal, suspension, or demotion, file with the commission a written demand for an investigation, whereupon the commission shall conduct such investigation. The investigation shall be confined to the determination of the question of whether the removal, suspension, or demotion was made in good faith for cause. After such investigation the commission may affirm the removal, or if it finds that removal, suspension, or demotion was not made in good faith for cause, shall order the immediate reinstatement or reemployment of such person in the office, place, position, or employment from which he was removed, suspended, or demoted, which reinstatement shall, if the commission so provides, be retroactive, and entitle such person to pay or compensation from the time of the removal, suspension, or demotion. The commission upon such investigation, in lieu of affirming a removal, may modify the order by directing the suspension without pay, for a given period, and subsequent restoration to duty, or demotion in classification, grade, or pay. The findings of the commission shall be certified, in writing to the appointing power, and shall be forthwith enforced by such officer.

"All investigations made by the commission pursuant to this section shall be by public hearing, after reasonable notice to the accused of the time and place thereof, at which hearing the accused shall be afforded an opportunity of appearing in person and by counsel, and presenting his defense. If order of removal, suspension, or demotion is concurred in by the commission or a majority thereof, the accused may appeal therefrom to the superior court of the county wherein he resides. Such appeal shall be taken by serving the commission, within thirty days after the entry of its order, a written notice of appeal, stating the grounds thereof, and demanding that a certified transcript of the record and of all papers on file in the office of the commission affecting or relating to its order, be filed by the commission with the court. The commission shall, within ten days after the filing of the notice, make, certify, and file such transcript with the court. The court shall thereupon proceed to hear and determine the appeal in a summary manner. Such hearing shall be confined to the determination of whether the order of removal, suspension, or demotion made by the commission, was or was not made in good faith for cause, and no appeal shall be taken except upon such ground or grounds. The decision of the superior court may be appealed to the supreme court or the court of appeals."

[7]Whatcom County Civil Service Commission Rule 11, § 2 contains substantially the same provisions as RCW 41.14.120.

He demanded reinstatement in a letter to Mount, but was refused. On September 8, 1982, he brought suit, alleging his termination had been unlawful and had violated his equal protection and due process rights under state and federal law. He sought damages and reinstatement. Mount and Whatcom County moved for summary judgment, contending primarily that Payne had failed to exhaust his administrative remedies. The trial court granted summary judgment.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

Payne contends on appeal that RCW 41.14.120 is unconstitutional because it does not provide for a pretermination hearing, that his notice of dismissal was insufficient under due process, and that due process required that he be notified that he had only 10 days within which to appeal. Mount and Whatcom County contend that Payne's failure under RCW 41.14.120 to appeal his dismissal to the Whatcom County Civil Service Commission within 10 days and to appeal to superior court within 30 days of the rejection of his untimely appeal bars judicial review of his claims.

The general rule in Washington is that when an adequate administrative remedy is provided, it must be pursued before the courts will intervene. *Orion Corp. v. State,* 103 Wn.2d 441, 456, 693 P.2d 1369 (1985); *Wright v. Woodard,* 83 Wn.2d 378, 381, 518 P.2d 718 (1974). Civil service rules, in general, do provide an adequate administrative remedy that must be pursued or review will be barred. *See State ex rel. Dunn v. Elliott,* 6 Wn.2d 426, 432–33, 107 P.2d 915 (1940); *Pleuss v. Seattle,* 8 Wn. App. 133, 136–37, 504 P.2d 1191 (1972).

Payne contends, however, that he was not required to exhaust his administrative remedies in this case because the Whatcom County Civil Service Commission was without authority to determine whether RCW 41.14.120 was unconstitutional based on its failure to provide for a pretermination hearing. *See Bare v. Gorton,* 84 Wn.2d 380, 383, 526 P.2d 379 (1974). We do not agree.

Payne did not challenge the constitutionality of RCW 41.14.120 or the Whatcom County Civil Service Commission Rules in his complaint. He did not seek a declaratory judgment. Rather, he merely alleged that his discharge had been unlawful and that he was entitled to reinstatement and damages.[8] Thus, this case does not fall within the exception allowing noncompliance with administrative remedies when the applicable statute is claimed to be invalid. The issues raised by Payne in the trial court were properly cognizable by the Civil Service Commission. The trial court correctly held that Payne failed to exhaust his administrative remedies on this issue.

Cleveland Board of Education v. Loudermill

*Cleveland Bd. of Educ. v. Loudermill,* ___ U.S. ___, 84 L. Ed. 2d 494, 105 S. Ct. 1487 (1985) was decided March 19, 1985, which was after this case was argued in the Court of Appeals. Both parties submitted additional briefs at our suggestion.

*Loudermill* holds that "'classified civil service employees,'" entitled to retain their positions "'during good behavior and efficient service,'" and who cannot be dismissed "'except . . . for . . . misfeasance, malfeasance, or nonfeasance in office,'" have a property right in continued employment protected by the due process clause of the United States Constitution. *Loudermill,* 105 S. Ct. at 1491.

Payne's status under RCW 41.14.120 and WCCSCR 11, § 2, gives him a property interest in continued employment protected by the due process clauses of both our federal and state constitutions.[9]

---

[8] Payne also did not raise a constitutional challenge in his memorandum against the motion for summary judgment. He ignored the exhaustion of administrative remedies issue below and in his opening brief on appeal. He addressed this issue for the first and only time, summarily, in a supplemental brief to this court.

[9] This conclusion is in accord with *Washington Educ. Ass'n v. State,* 97 Wn.2d 899, 908, 652 P.2d 1347 (1982) and *Punton v. Seattle Pub. Safety Comm'n,* 32 Wn. App. 959, 964, 650 P.2d 1138 (1982), *review denied,* 98 Wn.2d 1014 (1983).

Once it is determined that due process applies, the "question remains what process is due.'" *Loudermill,* 105 S. Ct. at 1493 (quoting *Morrissey v. Brewer,* 408 U.S. 471, 481, 33 L. Ed. 2d 484, 92 S. Ct. 2593 (1972)). The court held in *Loudermill* that due process requires that public employees receive a pretermination "hearing," but that this hearing need not be elaborate. In contrast to a full adversarial evidentiary hearing, all that is required is notice and an opportunity to respond:

> Here, the pretermination hearing need not definitively resolve the propriety of the discharge. It should be an initial check against mistaken decisions—essentially, a determination of whether there are reasonable grounds to believe that the charges against the employee are true and support the proposed action.
>
> . . . The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story.

(Citations omitted.) *Loudermill,* 105 S. Ct. at 1495.

While we recognize the teaching of *Loudermill* regarding pretermination hearings, it is now too late for the decision to change the result in this case. Payne has been terminated and failed to pursue his administrative remedies. We perceive no purpose to be served by now remanding for a pretermination hearing where Payne, by failing to pursue his administrative remedies, no longer has the ability to pursue the matter beyond an adverse result from a pretermination hearing. The futility of a pretermination hearing now is particularly obvious here where a request for reinstatement was denied by Mount following Payne's acquittal of the indecent liberties charge.[10]

---

[10]We note also that Payne met and discussed the matter personally with Mount on October 7, 1981. This was prior to his actual termination on October 9 and gave Payne "an opportunity to present his side of the story." *Cleveland Bd. of Educ. v. Loudermill,* ___ U.S. ___, 84 L. Ed. 2d 494, 105 S. Ct. 1487, 1495 (1985). This meeting may well have satisfied the pretermination hearing requirement. Informal conferences have been held sufficient. *See Brasslett v. Cota,* 761 F.2d 827 (1st Cir. 1985) (1–hour conference between employee and supervisor, in which employee notified of the possibility of discharge and given ample opportunity to

## NOTICE OF TIME LIMIT FOR APPEAL

Payne contends that judicial review of his claim for reinstatement should not be barred because he did not receive notice of the 10–day time limit within which to appeal. Although his notice of discharge did cite RCW 41.14.120, Payne argues that due process required that he be expressly notified of the deadline.

In *Washington Educ. Ass'n v. State,* 97 Wn.2d 899, 652 P.2d 1347 (1982), tenured college faculty members challenged the constitutionality of a recently passed Substitute House Bill that established procedures for terminating college faculty members upon a declaration of financial emergency. The bill included the requirement that faculty members being dismissed request a hearing within 10 days. It did not provide for notice of this time limit. The faculty members attacked the bill on a number of due process grounds, although the lack of notice of the deadline was not specifically challenged. The court upheld the bill's procedures, stating:

> The procedures of SHB 782 are otherwise comprehensive and pass minimum requirements of due process. They provide for notice of the basis for and nature of the dismissal and an opportunity to be heard and they provide for a full adjudicatory hearing.

97 Wn.2d at 910.

We hold that the notice to Payne in this case met the minimum requirements of due process. Although express notification of an appeal period deadline may be the preferred procedure, it is not required, especially when the notice of discharge cites the statute that contains the time limit for appeal.

defend actions and rebut erroneous allegations, satisfies due process); *DeSarno v. Department of Commerce,* 761 F.2d 657 (Fed. Cir. 1985) (opportunity given to employees to meet with their supervisors, to review their files and discuss their rights and to submit oral and written replies to the charges, satisfies due process); *Williams v. Seattle,* 607 F. Supp. 714 (W.D. Wash. 1985) (demoted police sergeant not entitled to damages for violation of predeprivation rights because letter to the officer fully explained the allegations against him and their source and informed him of the opportunity and obligation to respond).

NOTICE OF DISMISSAL

We shall also consider Payne's claim that his notice of dismissal, which merely listed the grounds for discharge set forth in RCW 41.14.110 and WCCSCR 9, was inadequate. We agree that the notice was very general and did not specify the allegation of sexual misconduct. However, it is clear that Payne knew why he was being dismissed. He has not alleged, and there is no evidence to support the conclusion, that he believed that he was being discharged for any reason other than the alleged sexual abuse of his stepdaughter. There is no evidence that the vagueness of the notice prejudiced him in any way. Furthermore, he never requested that the reasons for his dismissal be clarified. If he had requested a hearing within 10 days, he would have been notified more precisely of the basis for his removal. Payne knew the reason for his dismissal and was not damaged by the lack of specificity in the notice.

Judgment affirmed.

RINGOLD and COLEMAN, JJ., concur.

Review denied by Supreme Court November 8, 1985.