[Nos. 19765-1-II; 19766-9-II; Division Two. November 8, 1996.]
19767-7-II; 19768-5-II.

THE STATE OF WASHINGTON, *Petitioner*, v.
DOUGLAS STORHOFF, *Respondent*.

THE STATE OF WASHINGTON, *Petitioner*, v.
VIRGIL TUCKER, *Respondent*.

THE STATE OF WASHINGTON, *Petitioner*, v.
JEFFREY S. OROPESA, *Respondent*.

*Russell D. Hauge, Prosecuting Attorney*, and *Pamela B. Loginsky, Deputy*, for petitioner.

*David R. Johnson* and *Crawford, McGilliard, Peterson, Yelish & Dixon*, for respondents (appointed counsel for appeal).

MORGAN, J. — In these four unrelated but consolidated cases, Douglas Storhoff, Virgil Tucker and Jeffrey Oropesa is each charged with driving while his license was revoked, in violation of RCW 46.20.342(1)(a). In each case, the district court suppressed the pertinent order of revocation because the Department of Licensing (DOL), at the time of entering each order, had misstated the period within which each driver could apply for a hearing. The superior court affirmed the district court, and we granted the State's motion for discretionary review.

On June 6, 1990, DOL mailed Storhoff an order of revocation and a form entitled "Habitual Traffic Offender Hearing Request." The order stated that Storhoff was an habitual traffic offender under RCW 46.65.056, and that his driving privilege was revoked, effective 30 days later. The hearing request form stated that Storhoff could appeal the revocation order by "complet[ing] and return[ing] the bottom portion of this form no later than 10 days from

the date of receipt . . . ."[1] The hearing request form also said Storhoff had 10 days to appeal, even though the pertinent statute provided for 15.[2] Storhoff did not receive either the order of revocation or the hearing request form, because he had moved without notifying DOL of his new address. In 1994 and again in 1995, he was cited for driving while his license was revoked.

On April 20, 1990, DOL mailed similar documents to Tucker. The documents contained the same error as those sent to Storhoff. Tucker received the documents, but he never requested a hearing. In 1994, he was cited for driving while his license was revoked.

On June 19, 1992, DOL mailed similar documents to Oropesa. The documents contained the same error as those sent to Storhoff. Like Storhoff, Oropesa did not receive the documents, because he had moved without notifying DOL of his new address. In 1995, he was cited for driving while his license was revoked.

The State filed all four citations in district court. Each defendant then filed a pretrial motion to suppress or dismiss, based on DOL's misstatement of the time within which to appeal.[3] The district court granted each motion, the State appealed to the superior court, and the superior court affirmed. We then granted the State's motion for discretionary review.

Only one issue is raised on appeal. It is whether DOL's misstatement of the time for filing an appeal requires suppression of the order of revocation entered against each defendant and, as a necessary consequence of suppression, dismissal of each defendant's case due to lack of evidence.

In a Washington criminal prosecution, the State

---

[1] Clerk's Papers at 37.

[2] RCW 46.65.065(1). The 1989 Legislature amended RCW 46.65.065(1) so that the period for appeal was increased from 10 days to 15 days, effective July 23, 1989. Laws of 1989, ch. 337, § 10.

[3] Not all of these motions are in the record, but the district court's ensuing orders indicate they must have been brought.

may not use evidence unlawfully obtained.[4] At least generally, the unlawfulness may result from either a constitutional violation or a statutory one.[5] In either event, suppression will be granted only if there is a meaningful causal connection between the unlawful activity and its acquisition; thus, evidence will be suppressed if it is "the fruit of the poisonous tree," or, in plainer terms, if its acquisition is the result of unlawful activity.[6] Evidence will not be suppressed if it would have been acquired even without the unlawful activity,[7] or if the causal connection between its acquisition and the unlawful activity is attenuated.[8]

Here, neither Storhoff nor Oropesa can establish a causal connection sufficient to warrant suppression. It is undisputed that DOL gave faulty advice regarding the time within which to apply for a hearing. It is also undisputed that this faulty advice was never received by either Storhoff or Oropesa, because each had moved without notifying DOL of his new address. Accordingly,

[4]*State v. Turpin*, 94 Wn.2d 820, 826, 620 P.2d 990 (1980); *State v. Miles*, 29 Wn.2d 921, 927, 190 P.2d 740 (1948).

[5]*See State v. Bartels*, 112 Wn.2d 882, 886-90, 774 P.2d 1183 (1989) (statutory violation); *Turpin*, 94 Wn.2d at 827 (same); *State ex rel. McDonald v. Whatcom County Dist. Court*, 92 Wn.2d 35, 36-39, 593 P.2d 546 (1979) (same); *State v. Buckley*, 145 Wash. 87, 89-90, 258 P. 1030 (1927) (not clearly distinguishing between constitutional and statutory violation); *City of Spokane v. Holmberg*, 50 Wn. App. 317, 323, 745 P.2d 49 (1987) (statutory violation), *review denied*, 110 Wn.2d 1013 (1988); *State v. Krieg*, 7 Wn. App. 20, 23-26, 497 P.2d 621 (1972) (same); *cf. State v. Bonds*, 98 Wn.2d 1, 9-11, 653 P.2d 1024 (1982) (collecting authorities; refusing suppression for violation of Oregon statute), *cert. denied*, 464 U.S. 831 (1983).

[6]*Wong Sun v. United States*, 371 U.S. 471, 487-88, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963).

[7]*Nix v. Williams*, 467 U.S. 431, 444, 104 S. Ct. 2501, 81 L. Ed. 2d 377 (1984); *State v. Warner*, 125 Wn.2d 876, 889, 889 P.2d 479 (1995).

[8]*Wong Sun*, 371 U.S. at 488; *see also Taylor v. Alabama*, 457 U.S. 687, 690, 102 S. Ct. 2664, 73 L. Ed. 2d 314 (1982); *Dunaway v. New York*, 442 U.S. 200, 217, 99 S. Ct. 2248, 60 L. Ed. 2d 824 (1979); *Brown v. Illinois*, 422 U.S. 590, 602, 95 S. Ct. 2254, 45 L. Ed. 2d 416 (1975); *State v. Byers*, 88 Wn.2d 1, 8, 559 P.2d 1334 (1977); *State v. Werner*, 79 Wn. App. 872, 888, 906 P.2d 342 (1995), *reversed on other grounds*, 129 Wn.2d 485 (1996); *State v. Gonzales*, 46 Wn. App. 388, 397-98, 731 P.2d 1101 (1986); *State v. Jensen*, 44 Wn. App. 485, 489-90, 723 P.2d 443, *review denied*, 107 Wn.2d 1012 (1986).

DOL's faulty advice cannot have influenced either defendant's failure to apply for a hearing, and the faulty advice does not warrant suppression of the order revoking either defendant's license.

In contrast, Tucker may be able to establish the needed causal connection. It is undisputed that DOL gave him the same faulty advice as the others. It is undisputed that he received such advice. If on remand he can show that he would have timely applied for a hearing had he been given correct advice, he will have shown that his failure to apply is the fruit of DOL's unlawful conduct, and he will be entitled to suppression of the order by which his license was revoked. If he cannot so show, he is subject to trial in the same manner as Storhoff and Oropesa.

Before closing, we note the State's argument that Tucker could not have prevailed in a license revocation hearing even if one had been conducted. We think that this argument is immaterial under the circumstances presented here. If Tucker's failure to apply for a hearing was due to DOL's faulty advice, his license was never validly revoked,[9] and he cannot now be prosecuted for driving on a revoked or suspended license.

Storhoff's and Oropesa's cases are remanded for trial. Tucker's case is remanded for further suppression proceedings and, if suppression be denied, for trial.

HOUGHTON, A.C.J., and TURNER, J., concur.

Review granted at 131 Wn.2d 1015 (1997).

---

[9]*See Bell v. Burson*, 402 U.S. 535, 542, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971); *State v. Baker*, 49 Wn. App. 778, 780, 745 P.2d 1335 (1987); *State v. Thomas*, 25 Wn. App. 770, 772, 610 P.2d 937 (1980).