[No. 64860-3. En Banc.]
Argued May 27, 1997. Decided November 13, 1997.

THE STATE OF WASHINGTON, *Petitioner,* v. DOUGLAS STORHOFF, *Respondent.*

THE STATE OF WASHINGTON, *Petitioner,* v. VIRGIL TUCKER, *Respondent.*

THE STATE OF WASHINGTON, *Petitioner,* v. JEFFREY S. OROPESA, *Respondent.*

*Russell D. Hauge, Prosecuting Attorney*, and *Pamela B. Loginsky, Deputy*, for petitioner.

*Crawford, McGilliard & Peterson*, by *David R. Johnson*, for respondents.

DURHAM, C.J. — Habitual traffic offenders Douglas Storhoff, Virgil Tucker, and Jeffrey S. Oropesa (Defendants) seek dismissal of charges of driving while license revoked[1] based on incorrect notices of the time limit for requesting a formal license revocation hearing under RCW 46.65.065(1). We hold that the incorrect revocation notices (1) did not violate procedural due process, and (2) do not otherwise preclude prosecution of the Defendants for driving while license revoked in the absence of actual prejudice to the Defendants.

---

[1]RCW 46.20.342.

*Background:*

The Department of Licensing (DOL) sent each Defendant written notice that, as a habitual traffic offender, the Defendant's license had been revoked. Each notice stated that the Defendant could request a formal hearing pursuant to "RCW 46.65." Each notice incorrectly stated that the Defendant had only 10 days to request a formal revocation hearing. At the time the DOL notices were sent, RCW 46.65.065(1) allowed 15 days to request a hearing. Defendants Storhoff and Oropesa never received their revocation notices because each had moved without notifying DOL of their new addresses.[2] Defendant Tucker actually received his notice but never requested a revocation hearing.

Defendants were subsequently charged with driving while license revoked. Each Defendant moved to dismiss, arguing that DOL's failure to correctly inform them of the time limit for requesting a formal hearing violated due process, precluding prosecution for driving while license revoked. Defendants did not allege, and have never alleged, that they were actually prejudiced by the incorrect revocation notices.

The District Court granted the Defendants' motions. The Superior Court denied the State's RALJ appeal. The Court of Appeals reversed, observing that the incorrect revocation notices could not have caused Storhoff's and Oropesa's failures to request a formal hearing. The Court of Appeals invited defendant Tucker to establish on remand that he would have requested a hearing if he had received a correct notice. *State v. Storhoff,* 84 Wn. App. 80, 83-84, 925 P.2d 640 (1996), *review granted,* 131 Wn.2d 1015 (1997). We granted review.

---

[2]A licensee is responsible for notifying DOL of any change of address. RCW 46.20.205. The requirement in RCW 46.20.205 that DOL send revocation notices to a licensee's address of record satisfies procedural due process whether or not the licensee actually receives such notice. *State v. Rogers,* 127 Wn.2d 270, 898 P.2d 294 (1995).

*Notice of Habitual Traffic Offender Status – RCW 46.65.065:*

When a person is determined to be a habitual traffic offender, as defined by RCW 46.65.020, DOL must notify that person that his or her license will be revoked, and that the person may request a formal hearing:

> Notices of revocation shall inform the recipient thereof of his or her right to a formal hearing and specify the steps which must be taken in order to obtain a hearing. Within fifteen days after the notice has been given, the person may, in writing, request a formal hearing.

RCW 46.65.065(1). DOL's revocation notices clearly violated this provision by incorrectly stating that a revocation hearing must be requested within 10 days.

*Procedural Due Process:*

 An administrative revocation of a driver's license must comply with procedural due process. *Bell v. Burson*, 402 U.S. 535, 539, 91 S. Ct. 1586, 1589, 29 L. Ed. 2d 90 (1971). In a prosecution for driving while license revoked, the State has the burden to prove that the revocation of the defendant's license complied with due process. *See State v. Whitney*, 78 Wn. App. 506, 514, 897 P.2d 374, *review denied*, 128 Wn.2d 1003 (1995); *City of Seattle v. Foley*, 56 Wn. App. 485, 488, 784 P.2d 176, *review denied*, 114 Wn.2d 1016 (1990); *State v. Baker*, 49 Wn. App. 778, 782, 745 P.2d 1335 (1987), *statutory abrogation recognized by State v. Rogers*, 127 Wn.2d 270, 276, 898 P.2d 294 (1995); *State v. Thomas*, 25 Wn. App. 770, 610 P.2d 937 (1980).

Defendants contend the DOL notices violated due process simply because those notices were incorrect. However, minor procedural errors do not necessarily rise to the level of due process violations. Due process requires notice and an opportunity to be heard. *Rogers*, 127 Wn.2d at 275. To establish a violation of due process, Defendants must at least allege that the incorrect DOL revocation notices

deprived them of notice and/or an opportunity to be heard. *See Broom v. Department of Licensing*, 72 Wn. App. 498, 505, 865 P.2d 28 (1994). But the Defendants, including defendant Tucker, have not explained how DOL's error deprived them of notice of their license revocations or their opportunity to request a formal hearing.

■ Furthermore, due process does not require express notification of the deadline for requesting a formal hearing as long as the order of revocation cites the statute that contains the applicable time limit. *Payne v. Mount*, 41 Wn. App. 627, 635, 705 P.2d 297 (termination letter citing statute containing applicable 10 day deadline for appeals to the civil service commission satisfied the minimum notice requirements of due process), *review denied*, 104 Wn.2d 1022 (1985), *appeal dismissed*, 476 U.S. 1154 (1986); *McConnell v. Seattle*, 44 Wn. App. 316, 325, 722 P.2d 121 (1986). The DOL revocation notices cited RCW 46.65, the statute containing the hearing request time limit.

Defendants attempt to distinguish *Payne* and *McConnell*, arguing that the citation to "RCW 46.65" in the DOL notices was not sufficiently specific to provide notice of the hearing request time limit. DOL's failure to specifically cite RCW 46.65.065(1) neither distinguishes *Payne* and *McConnell* nor establishes that the notices failed to provide sufficient notice. To the average person, the main obstacles presented by DOL's citation to "RCW 46.65" (the entire Washington Habitual Traffic Offenders Act) would be to determine the meaning of the unfamiliar citation, and obtain a copy of the statute from a law library. Having accomplished that much, a person would find it a comparatively simple matter to locate the hearing request time limit in RCW 46.65.065(1). RCW 46.65 is only two pages long.[3]

In the absence of any suggestion that the erroneous

---

[3]Defendants also suggest that *Payne* and *McConnell* are not applicable because they are not criminal cases. This distinction misses the point. DOL's revocations of the Defendants' licenses were not criminal cases either. License revocations are administrative proceedings to which the requirements of procedural due process attach.

DOL revocation notices deprived Defendants of notice or an opportunity to be heard, we hold that the notices did not violate the Defendants' rights to procedural due process.[4]

*DOL's Failure to Comply With RCW 46.65.065(1):*

Defendants also contend DOL's mere violation of RCW 46.65.065(1) invalidates the revocation of their licenses, or otherwise precludes their prosecution for driving while license revoked.[5] Defendants suggest that there is a critical distinction between civil cases that require a showing of prejudice and criminal cases that do not require a showing of prejudice. Defendants' argument is largely based on a Court of Appeals case, *City of Spokane v. Holmberg*, 50 Wn. App. 317, 745 P.2d 49 (1987), and our decision in *Gonzales v. Department of Licensing*, 112 Wn.2d 890, 774 P.2d 1187 (1989).

In *Holmberg*, defendants charged with driving while intoxicated argued that their breath test results should be suppressed due to the arresting officers' failure to advise them that their refusal to submit to the breath test could be used against them in a criminal trial. Despite the obvious lack of prejudice to the defendants, the Court of Appeals held that the error required the suppression of the test results. "Society is penalized when officers derogate

---

[4]The State also suggests that defendant Tucker cannot show that he would have prevailed at a formal revocation hearing. The State has cited no authority for the novel proposition that a violation of procedural due process would be excused upon the State's confident assertion that the Defendant would have lost at a fair hearing anyway. It is not necessary to dispose of this argument because Tucker has never asserted that he would have requested a formal hearing if he had received proper notice.

[5]The Court of Appeals treated the Defendants' license revocation notices as "evidence unlawfully obtained," and analyzed the resulting prejudice under the "fruit of the poisonous tree" doctrine. The court concluded that defendants Storhoff and Oropesa could not establish the necessary causal connection between DOL's "unlawful activity" and the "evidence" of each Defendant's license revocation. The court invited Tucker to show the necessary causal connection for "suppression" of his license revocation. *State v. Storhoff*, 84 Wn. App. 80, 83-84, 925 P.2d 640 (1996), *review granted*, 131 Wn.2d 1015 (1997). This unusual search and seizure analysis was not suggested by either party.

from the mandates of the Legislature." *Holmberg*, 50 Wn. App. at 324. The *Holmberg* court cited no authority supporting its conclusion that the defendants were not required to show actual prejudice.[6]

In *Gonzales*, drivers whose licenses were revoked for refusing to take a breath test appealed their revocations. The licensees had been warned that they had the right to take additional tests "at your own expense." *Gonzales*, 112 Wn.2d at 893. The statutory warnings did not include the "at your own expense" language and, with respect to indigent drivers, such additional language was inaccurate. However, the licensees made no claim of indigence and were consequently not prejudiced by the inaccurate warning. *Gonzales*, 112 Wn.2d at 899. Relying on *Holmberg*, the *Gonzales* licensees argued that no showing of prejudice was necessary. Rejecting this argument, the *Gonzales* court quickly distinguished *Holmberg*, observing that *Holmberg* was a criminal case. *Gonzales*, 112 Wn.2d at 900.

Based on this apparent civil/criminal distinction, the present Defendants argue that they, like the defendants in *Holmberg*, are not required to demonstrate any prejudice in a criminal prosecution. But the distinction suggested in *Gonzales* and relied on by Defendants is illusory. While *Gonzales* seemed to suggest that we would follow *Holmberg* in a criminal case, we have not done so. In a companion criminal case, *State v. Bartels*, 112 Wn.2d 882,

---

[6]The *Holmberg* court relied on *Welch v. Department of Motor Vehicles*, 13 Wn. App. 591, 536 P.2d 172 (1975) and *State v. Whitman County Dist. Court*, 105 Wn.2d 278, 287, 714 P.2d 1183 (1986), in which similar deviations from the warnings required by RCW 46.20.308(2) actually prejudiced the defendants. *Holmberg*, 50 Wn. App. at 323. In *Welch*, the court held that an officer's warning that the defendant "could" lose his license if he refused to submit to the test failed to communicate that revocation was a certainty, thereby depriving the defendant of the opportunity to make an intelligent choice about whether to submit to the test. *Welch*, 13 Wn. App. at 592. In *Whitman County*, defendants were warned that a refusal "shall" be used against a defendant in court. RCW 46.20.308 required a warning that a breath test refusal "may" be used. Following *Welch*, the court held that the word "shall" failed to convey the mere possibility that such consequences would follow, thereby depriving the defendant of the opportunity to make an intelligent choice about whether to submit to the test. *Whitman County*, 105 Wn.2d at 285-87.

774 P.2d 1183 (1989), decided on the same day as *Gonzales*, this court declined to follow *Holmberg*.

In *Bartels*, defendants charged with driving while intoxicated moved to suppress their breath test results based on the same erroneous warning as in *Gonzales*. Again, this court acknowledged that the "at your own expense" language was inaccurate with respect to indigent defendants. *Bartels*, 112 Wn.2d at 889. Like the licensees in *Gonzales*, the *Bartels* defendants relied on *Holmberg* for the proposition that the erroneous warning language required suppression of test results whether they were indigent or not. We disagreed. Ignoring the suggestion in *Gonzales* that we would follow *Holmberg* in criminal cases, we distinguished *Holmberg* again, and remanded each case to allow the State to prove that the defendants were not indigent.[7]

The real issue — in both *Bartels* and *Gonzales*, as well as the present case — is whether persons charged with serious criminal traffic offenses should escape punishment due to minor procedural errors that did not actually prejudice them. Ultimately, our opinions in both *Bartels* and *Gonzales* required a showing of prejudice. We have never actually approved or followed the *Holmberg* rule, and we find no rationale to recommend adoption of the rule in this case.

■ Habitual traffic offenders, like the present Defendants, earn their special license status either by committing at least three serious criminal traffic offenses or by

---

[7]We decline to follow the *Holmberg* rule with respect to warnings administered prior to our opinion in this case. The implied consent statute clearly mandated the inclusion of the language omitted from the warning in *Holmberg*. The statute does not expressly mandate inclusion or omission of the words "at your own expense." Moreover, we note that dicta in one of our previous cases may have appeared to approve the "at your own expense" language.

*State v. Bartels*, 112 Wn.2d 882, 889-90, 774 P.2d 1183 (1989) (citing *State v. Richardson*, 81 Wn.2d 111, 117, 499 P.2d 1264 (1972)). The *Gonzales* opinion made substantially the same point. *Gonzales v. Department of Licensing*, 112 Wn.2d 890, 901, 774 P.2d 1187 (1989).

committing at least 20 traffic infractions. RCW 46.65.020. We are reluctant to excuse the Defendants' serious criminal violations due to a minor procedural error that did not actually prejudice the Defendants. Apart from *Holmberg*, we find no compelling legal authority to recommend such a result. Rather than bending to distinguish *Holmberg* again, we overrule *Holmberg* to the extent that the case is inconsistent with this opinion and our prior cases. We hold that, in the absence of actual prejudice to the Defendants, the incorrect DOL notices do not invalidate the revocation of the Defendants' licenses, or otherwise preclude their prosecution for driving while license revoked.

We affirm the Court of Appeals and remand for further procedings.[8]

DOLLIVER, SMITH, GUY, and TALMADGE, JJ., concur.

MADSEN, J. (concurring) — Although I concur with the result reached by the Court, I disagree with the majority's finding that the incorrect revocation notices meet the requirements of procedural due process. I write separately to make it clear that procedural due process is not satisfied by a revocation notice bearing an incorrect number of days to appeal coupled with an incomplete statutory cite. Defendants should be given an opportunity to show any actual prejudice that resulted from the incorrect information. I agree with the majority that Defendants Storhoff's and Oropesa's cases should not be remanded since the incorrect revocation notices did not prejudice them in any way but that Defendant Tucker's case needs to be remanded to ascertain whether he was prejudiced by the incorrect notices.

Although the majority reaches the correct result in a footnote on page 532, it errs in making its inconsistent finding that the information provided in the revocation notices fulfills procedural due process requirements under

---

[8]Defendant Tucker may raise the issue of possible prejudice on remand.

*Payne v. Mount*, 41 Wn. App. 627, 705 P.2d 297 (1985). In *Payne*, the court held that due process does not require express notification of a deadline to request a hearing; revocation notices that cite the relevant statute containing the time limit for appeal are adequate. *Id.* at 635. Relying on *Payne*, the majority finds the incomplete cite to the statute accompanied by the incorrect number of days sufficient to satisfy procedural due process. However, unlike the notice in *Payne*, the Department of Licensing (DOL) revocation notices that were given to Defendants cited RCW 46.65 as the relevant chapter but did not include the specific section relating to the time limit to request a hearing. The notices here also incorrectly informed the Defendants that they had 10 days within which to request a hearing instead of the correct 15 days. *Payne* is clearly distinguishable and does not support the majority's due process analysis.

The majority also reasons in support of its procedural due process argument that "To the average person, the main obstacles presented by DOL's citation to 'RCW 46.65' (the entire Washington Habitual Traffic Offenders Act) would be to determine the meaning of the unfamiliar citation, and obtain a copy of the statute from a law library. Having accomplished that much, a person would find it a comparatively simple matter to locate the hearing request time limit in RCW 46.65.065(1)." Majority at 528. Contrary to the majority opinion, I would find that by receiving the specific, though incorrect, number of days in conjunction with an incomplete cite to a statute, the average lay person would be misled into believing the information provided was correct. Upon receipt of such a notice, a lay person could not reasonably be expected to go to a law library to find the chapter section dealing with time limits for appeal and then to compare the information provided in the notice with that of the statute.

Finally, I take exception to the majority's characterization of the incorrect notices as "a minor procedural error." Majority at 532. The underpinning of due process

534

law is the opportunity to be heard. *Grannis v. Ordean*, 234 U.S. 385, 394, 34 S. Ct. 779, 58 L. Ed. 1363 (1914). Notice, for the purpose of due process, must be of such nature as reasonably to convey the information necessary to allow a party to participate. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950). The interest of the Defendants in possessing their license is substantial and entitled to protection. *Bell v. Burson*, 402 U.S. 535, 539, 91 S. Ct. 1586, 29 L. Ed. 2d 90 (1971). The failure of the State to issue revocation notices which conveyed the correct time available for appeal limited the Defendants' opportunity to be heard and thus did not satisfy the requirements of due process. However, I agree with the majority that a showing of actual prejudice must be made before a license revocation may be invalidated. Defendant Tucker's case should be remanded to determine whether he was prejudiced by the incorrect notices.

JOHNSON, ALEXANDER, and SANDERS, JJ., concur with MADSEN, J.