FILED
COURT OF APPEALS
DIVISION II

2015 FEB -3 AM 8: 49

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MAGDALENE PAL, | No. 45594-3-II |
| Appellant, | |
| v. | |
| WASHINGTON STATE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, | PUBLISHED OPINION |
| Respondent. | |

MAXA, J. — Magdalene Pal appeals the dismissal of her request for an administrative

hearing to challenge a finding of the Adult Protective Services (APS) program of the Department

of Social and Health Services (DSHS) that she had neglected a vulnerable adult in her care. The

Administrative Law Judge (ALJ) dismissed Pal's request because she faxed it to the Office of

Administrative Hearings (OAH) on the due date but after the 5:00 PM regulatory deadline for

filing hearing requests, and because she failed to comply with a regulatory requirement that she

mail the request on the same day she faxed it. The DSHS Board of Appeals (Board) affirmed the

ALJ's decision, concluding that the ALJ lacked jurisdiction to consider Pal's hearing request.

We hold that (1) although Pal's hearing request was untimely under WAC 388-02-

0035(2)'s 5:00 PM deadline, the untimely request does not warrant dismissal because the APS

notice did not reasonably apprise Pal of that deadline and therefore violated due process, and (2)

even if Pal did not mail her faxed hearing request, violation of the mailing requirement does not

prevent the ALJ from exercising jurisdiction because OAH actually received the faxed request. Accordingly, we reverse the Board's dismissal of Pal's request for an administrative hearing. However, we deny Pal's request for reasonable attorney fees under RCW 4.84.350.

FACTS

On December 20, 2011, APS sent a notice letter to Pal informing her that it had found that she had neglected a vulnerable adult in her care. The notice explained that she had the right to contest this finding by filing a hearing request within 30 days:

> At this time, you have a right to request an administrative hearing to challenge APS' initial finding. Your hearing rights are described in RCW 34.05, WAC 388-02, and WAC 388-71. To request an administrative hearing you must send, deliver or fax a written request to the Office of Administrative Hearings (OAH). OAH must receive your written request within 30 calendar days of the date this letter of notice was mailed to you, or within 30 calendar days of the date this letter of notice was personally served upon you, whichever occurs first *according to WAC 388-71-01240*. If you request a hearing by fax, you must also mail a copy of the request to OAH on the same day.

Clerk's Papers (CP) at 79 (underlining omitted, emphasis added). The notice informed Pal that her failure to challenge the finding would make it final and that her name would be placed on a registry.

Pal received the notice letter on December 22, 2011, which meant that January 19, 2012 was the deadline for filing the hearing request. Pal faxed her request to OAH on January 19, but not until 7:16 PM. The fax cover sheet stated, "a mail on way." CP at 87. Because the fax was sent after the close of business on January 19, OAH stamped the request as received on January 20. OAH assigned the request to an ALJ.

DSHS filed a motion to dismiss Pal's case, claiming that Pal's late filing and failure to mail a copy on that same date deprived OAH of subject matter jurisdiction. The ALJ heard

2

testimony from Pal on this motion. The parties agreed that Pal had faxed the hearing request to OAH on January 19 at 7:16 PM. Pal testified that she mailed the hearing request to OAH on the afternoon of January 19. DSHS's attorney stated in a declaration that OAH had not received a copy of the hearing request in the mail. The ALJ granted the motion and dismissed the case because Pal did not fax the hearing request to OAH during business hours on the deadline date as required by WAC 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(3) and because there was no evidence that Pal mailed the request to OAH as required by WAC 388-71-01240.

Pal filed a petition for review of the ALJ's decision to the Board. The Board concluded:

> Because the Appellant's request for [a] hearing to challenge the notice was not received by the OAH until after the regulatory time period for filing such a challenge had run, and the challenge was never perfected by the same day mailing of a copy of the appeal, the ALJ lacked jurisdiction to hear the case on its merits and only had the authority to dismiss the matter due to lack of subject matter jurisdiction.

CP at 24-25. As a result, the Board affirmed the ALJ's dismissal of Pal's hearing request.

Pal filed a petition for judicial review of the Board's decision in the superior court. The superior court affirmed. Pal appeals.

## ANALYSIS

### A. STANDARD OF REVIEW

In reviewing administrative agency decisions under the Administrative Procedures Act (APA),[1] we stand in the same position as the superior court. *Hardee v. Dep't of Soc. & Health Servs.*, 172 Wn.2d 1, 7, 256 P.3d 339 (2011). The party challenging an agency decision has the burden of demonstrating the invalidity of the agency's action. RCW 34.05.570(1)(a). In other

---

[1] Chapter 34.05 RCW.

words, we review the agency's order, not the superior court's decision. *King County v. Cent. Puget Sound Growth Mgmt. Hr'gs Bd.*, 142 Wn.2d 543, 553, 14 P.3d 133 (2000).

The APA provides nine grounds for invalidating an agency decision. Pal relies on two: the Board "erroneously interpreted or applied the law," RCW 34.05.570(3)(d), and the Board's decision is "in violation of constitutional provisions on its face or as applied." RCW 34.05.570(3)(a). We review issues of statutory construction de novo under an error of law standard. *Ryan v. Dep't of Soc. & Health Servs.*, 171 Wn. App. 454, 465, 287 P.3d 629 (2012). While we accord great weight to an agency's interpretation of its governing statutes, we do so only if the statute is ambiguous, and not when the agency's interpretation conflicts with the statutes. *Id.* at 465. Similarly, whether an agency order, or the statute supporting the order, violates constitutional provisions is a question of law that we review de novo. *Hardee*, 172 Wn. 2d at 7.

Pal does not assign error to the Board's findings of fact. Unchallenged findings of fact are verities on appeal. *Heinmiller v. Dep't of Health*, 127 Wn.2d 595, 607, 903 P.2d 433, 909 P.2d 1294 (1995).

B.     TIMELINESS OF HEARING REQUEST

Pal argues that the Board erred in dismissing her case, claiming that her faxed request was timely because she faxed the request to OAH on the due date. She argues that the common definition of the phrase "calendar day" is a 24-hour period beginning at midnight, and she emphasizes that nothing in the notice or in the regulation referenced in the notice specified that she had to fax the hearing request to OAH by 5:00 PM. DSHS responds that the fax was

untimely because WAC 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(2) specifies that a filing deadline ends at 5:00 PM on the last day.[2] We agree with DSHS.

The notice APS sent to Pal states that a hearing request must be faxed within 30 days "according to WAC 388-71-01240." CP at 79. That regulation states that OAH must receive a hearing request within 30 days after receipt of DSHS's notice letter, but does not state by what time on the deadline date the request must be faxed. However, WAC 388-71-01245 provides that "[c]hapters 34.05 and 74.34 RCW, chapter 388-02 WAC, and the provisions of this chapter govern any administrative hearing regarding a substantiated APS finding." WAC 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 explains how to count days when "calculating deadlines for the hearing process," and specifically states: "The deadline ends at 5:00 p.m. on the last day." WAC 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(2).[3]

Pal points out that WAC 388-71-01245 states that "[i]n the event of a conflict between the provisions of this chapter and chapter 388-02 WAC, the provisions of this chapter shall prevail." She argues that the absence of any time deadline in WAC 388-71-01240 should prevail over the 5:00 PM deadline in WAC 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(2). But we do not find any *conflict* between chapter 388-71 WAC and chapter 388-02 WAC. While WAC 388-71-01240 provides that the hearing request be filed within 30 days of the notice, WAC 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(2) provides that for

---

[2] DSHS also argues that Pal did not make this argument to the Board and cannot raise it for the first time on appeal, citing RCW 34.05.554. Because Pal did argue to the ALJ that she timely filed her appeal on the due date, and because this is an issue of law, we address it.

[3] WAC 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(3) also provides that "filing" is complete when OAH receives the documents within business hours. The ALJ relied on this provision. However, the APS notice letter did not state that Pal was required to "file" her hearing request.

purposes of calculating deadlines for the hearing process, the deadline is 5:00 PM on the last day. These two provisions are not inconsistent.

Pal also argues that the APS notice stated that OAH must receive the hearing request within 30 "calendar days." She relies on *Troxell v. Rainier Public School District No. 307*, in which the court held that the common definition of the phrase "calendar day" is a 24-hour period beginning at midnight. 154 Wn.2d 345, 352, 111 P.3d 1173 (2005). But that case involved a claim waiting statute that required 60 days to elapse between filing a notice of a tort claim and commencement of a lawsuit, and the issue was whether the time period started at the exact time the notice was filed or the next day. *Id.* at 351-53. *Troxell* did not address whether a hearing request could be filed after business hours on the deadline date. And *Troxell* also did not involve a regulation that expressly required that hearing requests be filed by 5:00 PM on the deadline date.

We hold that under the express language of WAC 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(2), Pal was required to fax her hearing notice to OAH by 5:00 PM on January 19, 2012. Because she did not, her request for an administrative hearing was untimely.

B.    DUE PROCESS: ADEQUACY OF THE NOTICE

Pal contends that DSHS violated her constitutional right to procedural due process by providing insufficient notice of how to exercise her right to request an administrative hearing on

the ALJ's finding of neglect. She argues that the APS notice letter did not properly apprise her of the 5:00 PM deadline. We agree.[4]

When the State seeks to deprive a person of a protected interest, procedural due process requires that the person receive notice of the deprivation and an opportunity to be heard to guard against an erroneous deprivation of that interest. *Amunrud v. Bd. of Appeals*, 158 Wn.2d 208, 216, 143 P.3d 571 (2006) (citing *Mathews v. Eldridge*, 424 U.S. 319, 348, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976)). Due process requires the State to provide " 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Jones v. Flowers*, 547 U.S. 220, 226, 126 S. Ct. 1708, 164 L. Ed. 2d 415 (2006) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950)). Our Supreme Court has indicated that this rule applies to the opportunity to request a formal hearing. *State v. Storhoff*, 133 Wn.2d 523, 528, 946 P.2d 783 (1997).

Regarding the content of the notice, "due process does not require express notification of the deadline for requesting a formal hearing as long as the order of revocation cites the statute that contains the applicable time limit." *Storhoff*, 133 Wn.2d at 528. As a result, a notice's citation to a specific statute containing an appeal deadline meets the requirements of due process. *McConnell v. City of Seattle*, 44 Wn. App. 316, 325, 722 P.2d 121 (1986); *Payne v. Mount*, 41 Wn. App. 627, 635, 705 P.2d 297 (1985). Further, our Supreme Court in *Storhoff* held that under

---

[4] Because we hold that the APS notice violated due process, we need not address Pal's arguments that her hearing request substantially complied with the regulations or that she had good cause for her untimely request under WAC 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.

the facts of that case, a general reference to an RCW chapter was sufficient to satisfy due process. 133 Wn.2d at 528.

In *Storhoff*, license revocation notices from the Department of Licensing (DOL) referenced "RCW 46.65," the statute containing the hearing request time limit. 133 Wn.2d at 528. The defendants argued that citation to chapter 46.65 RCW in the notices was not sufficiently specific to provide notice of the hearing request time limit contained in RCW 46.65.065(1). *Storhoff*, 133 Wn.2d at 528. The court held that citation to the chapter was sufficient, stating:

> DOL's failure to specifically cite RCW 46.65.065(1) neither distinguishes *Payne* and *McConnell* nor establishes that the notices failed to provide sufficient notice. To the average person, the main obstacles presented by DOL's citation to "RCW 46.65" (the entire Washington Habitual Traffic Offenders Act) would be to determine the meaning of the unfamiliar citation, and obtain a copy of the statute from a law library. Having accomplished that much, a person would find it a comparatively simple matter to locate the hearing request time limit in RCW 46.65.065(1). RCW 46.65 is only two pages long.

*Storhoff*, 133 Wn.2d at 528 (footnote omitted).

Here, APS's notice letter stated that OAH had to receive the hearing request within 30 days "according to WAC 388-71-01240." CP at 79. But WAC 388-71-01240 does not state by what time on the due date the request must be faxed. As noted above, a different regulation, WAC 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, explains how to count days when calculating deadlines and specifically states that the deadline ends at 5:00 PM on the due date. But the express reference in the APS notice letter to WAC 388-71-01240 provides no notice that some other, unstated regulation limits the time by which a hearing request must be faxed. Therefore, we hold that the APS notice letter

was not reasonably calculated to apprise Pal of the 5:00 PM deadline for faxing a request for an administrative hearing.

DSHS argues that APS's notice was sufficient because it cited to RCW 34.05, WAC 388.02, and WAC 388-71, and that an aggrieved person could figure out the 5:00 PM deadline by reviewing the provisions in those statutes and regulations. We reject this argument for two reasons.

First, the APS notice does not reference these provisions in the context of the deadline for submitting a hearing request. The notice states: "Your *hearing rights* are described in RCW 34.05, WAC 388-02, and WAC 388-71." CP at 79 (emphasis added). As a result, this language may have been sufficient to put Pal on notice to review the cited provisions to determine her *hearing rights*. But it was not sufficient to fairly advise her that these provisions somehow impacted the deadline for faxing her request for a hearing when the APS notice specifically stated that a specific regulation – WAC 388-71-01240 – governed the request deadline.

Second, the court in *Storhoff* held that reference to an entire RCW chapter was sufficient, but in that case the chapter was only two pages long. 133 Wn.2d at 528. Here, RCW 34.05 – the Administrative Procedures Act – is over 30 pages long and contains dozens of substantive provisions. Both WAC 388-02 and WAC 388-71 also are lengthy regulations. Merely citing to entire RCW and WAC chapters containing hundreds of provisions was not reasonably calculated to apprise Pal that buried somewhere within those statutes and regulations was a provision that affected the deadline for her hearing request.

We hold that APS's notice letter to Pal violated due process with respect to the deadline for faxing a hearing request.[5]

B.    MAILING OF HEARING REQUEST

DSHS argues that even if Pal's faxed hearing request was timely, the Board properly dismissed her request because she failed to mail her request to OAH on the same day of the fax as required in WAC 388-71-01240. Although we agree that substantial evidence supported the Board's conclusion that Pal did not mail her hearing request to OAH, we hold that this failure did not deprive the ALJ of jurisdiction to consider Pal's request.

1.    Board's Conclusion Regarding Mailing

Pal testified that she mailed the hearing request in the afternoon before she faxed it. But DSHS submitted evidence that OAH never received the request in the mail. The Board technically made a formal finding only that OAH did not *receive* the request, not that Pal never *mailed* it. However, in its conclusions of law the Board stated that Pal's challenge to the APS decision "was never perfected by the same day mailing of a copy of the appeal." CP at 25. This statement, coupled with the Board's finding that OAH never received the request in the mail, is sufficient to constitute a finding that Pal did not mail the request.

Evidence that OAH never received the mailed hearing request is sufficient to support a finding that Pal never mailed it. Because sufficient evidence supports this finding, we hold that the Board did not err in concluding that Pal did not comply with the mailing requirement.

---

[5] We emphasize that this holding is limited to the particular language of the APS notice letter.

2. Ability of ALJ to Exercise Jurisdiction

Pal argues that even if she violated the mailing requirement, that violation should not affect the ALJ's ability to exercise jurisdiction regarding her hearing request. She claims that OAH's receipt of her faxed hearing request is sufficient to invoke jurisdiction.[6] We agree.

WAC 388-71-01240(1) provides that to request an administrative hearing for an APS finding, the alleged perpetrator must send, deliver, or fax a written request to OAH and OAH must receive the request within 30 days of receipt of the APS notice. As noted above, WAC 388-71-01240(1) also provides that if the request is by fax, the request must be mailed to OAH on the same day as the fax. Significantly, however, WAC 388-71-01240(1) does not require that OAH actually *receive* the mailed copy. As a result, there is no question that the ALJ would have been able to exercise jurisdiction here if Pal had mailed the request but OAH never received it, based on OAH's receipt of the faxed hearing request.

The language of WAC 388-71-01240(1) establishes that receipt of the faxed hearing request is sufficient to allow the ALJ to exercise jurisdiction regarding the request, and that the mailing of the request is merely procedural. As a result, we hold that the failure to mail the request on the same day it is faxed does not affect the ALJ's ability to exercise jurisdiction and is not grounds for the ALJ's refusal to conduct an administrative hearing. This holding does not

---

[6] The ALJ ruled that it had no jurisdiction because Pal failed to comply with WAC 388-71-01240(1), and the Board agreed. However, this technically is incorrect. The legislature has granted ALJs subject matter jurisdiction to conduct administrative hearings. RCW 34.05.425(1)(c); RCW 34.05.461(1)(c); RCW 34.12.060. A party's failure to timely request a hearing does not divest the ALJ of jurisdiction. Instead, in this situation the ALJ cannot *exercise* jurisdiction. *See Hous. Auth. of City of Seattle v. Bin*, 163 Wn. App. 367, 372-77, 260 P.3d 900 (2011) (addressing superior court's jurisdiction in an unlawful detainer action).

11

render the mailing requirement superfluous, and we do not excuse Pal's noncompliance with that requirement. However, under our holding the remedy for noncompliance is ordering Pal to mail a copy of the faxed hearing request to OAH (if they still want a non-faxed copy), not dismissal of her request.

Here, it is undisputed that OAH received the faxed hearing request on January 19, 2013. And because the APS notice letter violated due process with regard to the 5:00 PM deadline for faxing a hearing request, DSHS is precluded from claiming that the request was untimely. Accordingly, we hold that receipt of the hearing request was sufficient to allow the ALJ and the Board to exercise jurisdiction over Pal's request under WAC 388-71-01240(1).

C.   ATTORNEY FEES

Pal requests reasonable attorney fees under RCW 4.84.350 and RAP 18.1. This statute provides for an award of attorney fees to a qualified party that prevails in a judicial review of an agency action, unless we find that the agency action was "substantially justified or that circumstances make an award unjust." *Ryan*, 171 Wn. App. at 476. Here, Pal prevailed in a judicial review of an agency action. However, DSHS was substantially justified in enforcing its valid regulatory deadline for making a hearing request, even though we have concluded that the APS notice letter violated due process. And DSHS was substantially justified in attempting to enforce its mailing requirement, even though we have concluded that Pal's failure to mail the hearing request did not prevent the ALJ from exercising jurisdiction. Accordingly, we decline to award Pal reasonable attorney fees under RCW 4.84.350.

45594-3-II

We reverse the Board's dismissal of Pal's request for an administrative hearing, and remand to the Board with directions to provide Pal with an administrative hearing pursuant to her January 19, 2012 request. However, we deny Pal's request for reasonable attorney fees under RCW 4.84.350.

MAXA, J.

We concur:

JOHANSON, C.J.

SUTTON, J.

13