[No. 6565–7–II.   Division Two.   September 19, 1984.]

CLIFFORD L. BENNETT, *Respondent,* v. THE DEPARTMENT
OF LABOR AND INDUSTRIES, *Appellant.*

*Kenneth O. Eikenberry, Attorney General,* and *Dorothy C. Bullitt, Assistant,* for appellant.

*John J. Durkin,* for respondent.

WORSWICK, J.—On July 21, 1980, an intoxicated driver backed into a pickup occupied by another, damaging the pickup but causing no injuries. He did not stop, but instead drove from the scene, thus violating RCW 46.52.020(2). About two blocks away, he ran a stop sign and collided with a car in which Clifford L. Bennett was a passenger, injuring Bennett. The Department of Labor and Industries denied Bennett's claim under the crime victims compensation act (RCW 7.68) on the basis that the crime alleged (violation of RCW 46.52.020(2))[1] involved operation of a motor vehicle

_____

[1]RCW 46.52.020 provides:

and therefore was excluded from coverage under RCW 7.68.020(2). The Board of Industrial Insurance Appeals affirmed. The Superior Court reversed, holding clearly erroneous the Board's conclusion that such violation necessarily involved operation of a motor vehicle. We reverse the Superior Court and reinstate the Board's decision.

It is conceded that the second collision, by itself, would afford no basis for CVCA compensation because it came within the motor vehicle exception of the version of RCW 7.68.020(2) in effect at the time.[2] It is Bennett's position, though, that the second collision occurred during the commission of a nonvehicular crime, namely violation of RCW 46.52.020(2). The issue argued by the parties here is whether "a violation" of RCW 46.52.020(2) necessarily involves operation of a motor vehicle. Bennett, characterizing the offense as "failure to remain at the scene," suggests hypothetical methods by which the offense can be committed to support his position that it does not necessarily involve operation of a motor vehicle.[3] We disagree.

---

"Duty in case of injury to or death of person or damage to attended vehicle or other property—Penalty. . . .

"(2) The driver of any vehicle involved in an accident resulting only in damage to a vehicle which is driven or attended by any person or damage to other property shall immediately stop such vehicle at the scene of such accident or as close thereto as possible and shall forthwith return to, and in any event shall remain at, the scene of such accident until he has fulfilled the requirements of subsection (3) of this section; every such stop shall be made without obstructing traffic more than is necessary." The applicable version of RCW 7.68.020(2) excluded compensation for victims of motor vehicle offenses, with exceptions not applicable here. Laws of 1980, ch. 156, § 2.

[2] An "exception to the exception" was created by Laws of 1983, ch. 239, § 4, whereby certain vehicular crimes may now give rise to CVCA coverage.

[3] Bennett's trial brief before the Superior Court states:

The first and most obvious criminal act which RUSSELL WILSON could be charged with was the failure to stop and remain at the scene of the collision involving PLANK. RCW 46.52.020(3) provides:

a driver of any vehicle involved in an accident resulting in damage to a vehicle which is driven or tended by any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible and shall forthwith return to, and in any event shall remain at the

■ Although there are probably other obstacles to Bennett's success (*e.g.,* causal relationship between the two events), we will discuss only the single issue argued by the parties: the nature of the alleged crime. Violation of RCW 46.52.020(2) is made an offense by RCW 46.52.020(5), which provides:

> (5) Any driver covered by the provisions of subsection (2) of this section *failing to stop* or to comply with any of the requirements of subsection (3) of this section under said circumstances shall be guilty of a gross misdemeanor . . .

(Italics ours.) It can readily be seen that an offense under this statute can be committed in more than one way, a not extraordinary phenomenon in criminal law. *See State v. Parmenter,* 74 Wn.2d 343, 352, 444 P.2d 680 (1968). The dispositive issue, then, is not whether the statute *can* be offended without the necessary use of a motor vehicle, but whether it *was* offended in a particular way specified in the law which did necessarily involve such use. It was. The Board was correct.

---

scene of such accident until he has fulfilled the requirements of giving his name, address and vehicle license number and vehicle driver's license to the occupant attending such vehicle collided with, and render to any person injured in such accident reasonable assistance.
Subsection 5 further provides:
that the failure to remain at the scene and perform other require-*
*ments as set forth in subsection 3 of that statute is a gross misde-*
*meanor.
RCW 46.52.020(5).
This criminal act of failure to remain at the scene of an accident is, contrary to the decision of the Appeals Judge, in no manner dependent upon or related to the lawful or unlawful operation of a motor vehicle. The elements of the criminal act are *satisfied by leaving the scene of the accident,* whether one leaves by foot, bicycle or other conveyance. Thus, the Judge's Findings of Fact #4 is erroneous and warrants reversal of the Judge's Conclusions of Law . . .
(First italics ours.) Bennett thus incorrectly characterized the offense. Neither subsection 5 nor any other subsection of RCW 46.52.020 contains the language set forth in Bennett's trial brief. At the Superior Court hearing, counsel for Bennett again argued this language which was not, and, as far as we can discover, never had been, a part of the statute. Counsel for respondent did not bring the correct language to the trial court's attention either.

Reversed.

PETRICH, C.J., and PETRIE, J., concur.

Reconsideration denied October 29, 1984.