[No. 66265-1-I.   Division One.   May 14, 2012.]

SILVERIA LOPEZ-VASQUEZ, *Appellant*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent*.

342

*Matthew Daheim* and *Nathan T. Dwyer* (of *Robinson & Kole*), for appellant.

*Robert M. McKenna, Attorney General*, and *Kerena A. Higgins, Assistant*, for respondent.

¶1 GROSSE, J. — One is entitled to victim's compensation for injuries sustained from a vehicular assault only if there is a conviction for that vehicular assault. The statute sets forth specific exceptions to the requirement of a conviction of vehicular assault, none of which apply to the circumstances here, where the vehicular assault charge was dismissed as a result of a plea agreement. Accordingly, we are constrained to affirm the trial court's ruling.

## FACTS

¶2 On November 21, 2005, Neil Marx's vehicle struck Silveria Lopez-Vasquez's car, killing her 4-year-old son and injuring Lopez-Vasquez. Marx was charged with both vehicular homicide and vehicular assault. Marx pleaded guilty to vehicular homicide and the vehicular assault charge was dropped. In issuing the judgment and sentence on the vehicular homicide, the trial judge made a finding that Lopez-Vasquez was a victim and "should be eligible for crime victims' compensation as such."

¶3 The Department of Labor and Industries (Department) denied Lopez-Vasquez's application for victim's compensation because her injuries were not a result of a conviction for vehicular assault. Lopez-Vasquez appealed the denial to the Board of Industrial Appeals (Board), which upheld the Department's earlier rulings. Lopez-Vasquez appealed to the superior court, which affirmed the Board's findings of fact and conclusions of law. She now appeals that ruling.

## ANALYSIS

¶4 To recover as a victim for vehicular assault, the statute is clear that there must be a conviction. The statute provides in part:

(5) "Criminal act" means an act committed or attempted in this state which is: (a) Punishable as a federal offense that is comparable to a felony or gross misdemeanor in this state; (b) punishable as a felony or gross misdemeanor under the laws of this state; (c) an act committed outside the state of Washington against a resident of the state of Washington which would be compensable had it occurred inside this state and the crime occurred in a state which does not have a crime victims' compensation program, for which the victim is eligible as set forth in the Washington compensation law; or (d) trafficking as defined in RCW 9A.40.100. *A "criminal act" does not include the following*:

(i) The *operation of a motor vehicle*, motorcycle, train, boat, or aircraft in violation of law *unless*:

(A) The injury or death was intentionally inflicted;

(B) The operation thereof was part of the commission of another nonvehicular criminal act as defined in this section;

(C) The death or injury was the result of the operation of a motor vehicle after July 24, 1983, and a preponderance of the evidence establishes that the death was the result of vehicular homicide under RCW 46.61.520, or *a conviction of vehicular assault under RCW 46.61.522, has been obtained.* In cases where a probable criminal defendant has died in perpetration of vehicular assault or, in cases where the perpetrator of the vehicular assault is unascertainable because he or she left the scene of the accident in violation of RCW 46.52.020 or, because of physical or mental infirmity or disability the perpetrator is incapable of standing trial for vehicular assault, the department may, by a preponderance of the evidence, establish that a vehicular assault had been committed and authorize benefits.[1]

¶5 Lopez-Vasquez first argues that the Department is collaterally estopped from disputing her status as a victim because the judgment and sentence on Marx's vehicular homicide specifically found that both she and her son were victims for purposes of the victims' compensation

---

[1] RCW 7.68.020(5)(i) (formerly RCW 7.68.020(2)(i)(A)-(C) (2006)) (emphasis added).

act (Act). Under the doctrine of collateral estoppel, once " 'an issue of ultimate fact has . . . been determined by a valid and final judgment, that issue cannot be relitigated between the same parties in any future lawsuit.' "[2] Collateral estoppel applies only when the party seeking estoppel is able to show that " '(1) the issue decided in the prior adjudication is identical with the one presented in the second action; (2) the prior adjudication [resulted] in a final judgment on the merits; (3) the party against whom [collateral estoppel] is asserted was a party or in privity with a party to the prior adjudication;' " and (4) there is no injustice if the parties are prevented from relitigating the issues.[3]

¶6 All four elements must be proved.[4] Failure to establish any one element is fatal to the proponent's claim. " 'The party asserting collateral estoppel has the burden of showing that issues are identical and that they were determined on the merits in the first proceeding.' "[5] As noted by the court in *LeMond v. Department of Licensing*:

> [A]pplication of collateral estoppel is limited to situations where the issue presented in the second proceeding is identical in all respects to an issue decided in the prior proceeding, and "where the controlling facts and applicable legal rules remain unchanged." Further, issue preclusion is appropriate only if the issue raised in the second case "involves substantially the same bundle of legal principles that contributed to the rendering of

---

[2] *State v. Williams*, 132 Wn.2d 248, 253-54, 937 P.2d 1052 (1997) (quoting *Ashe v. Swenson*, 397 U.S. 436, 90 S. Ct. 1189, 1194, 25 L. Ed. 2d 469 (1970)).

[3] *Thompson v. Dep't of Licensing*, 138 Wn.2d 783, 790, 982 P.2d 601 (1999) (quoting *Nielson v. Spanaway Gen. Med. Clinic, Inc.*, 135 Wn.2d 255, 262-63, 956 P.2d 312 (1998)).

[4] *Clark v. Baines*, 150 Wn.2d 905, 913, 84 P.3d 245 (2004).

[5] *Luisi Truck Lines, Inc. v. Wash. Utils. & Transp. Comm'n*, 72 Wn.2d 887, 894, 435 P.2d 654 (1967) (quoting 2 KENNETH CULP DAVIS, ADMINISTRATIVE LAW TREATISE § 18.12, at 626 (1958)).

the first judgment," even if the facts and the issue are identical.[6]

In the prior proceeding, the issue decided was whether there had been a vehicular homicide. There was no finding of vehicular assault and no conviction therefor. The issues are not identical. The judge's finding that Lopez-Vasquez was a victim was extraneous to the matter that was before him.[7] Moreover, the parties were not identical. The Department was not privy to the determination of Lopez-Vasquez as a victim for purposes of the Act.

■ ■ ¶7 Lopez-Vasquez next argues that her situation falls within the ambit of the exception to the conviction for vehicular assault. She contends that the prosecutor's decision to remove the vehicular assault charge and accept a guilty plea on the vehicular homicide made the defendant unavailable for prosecution as defined in former RCW 7.68.020(2)(i)(A)-(C), thus permitting Lopez-Vasquez to recover benefits.

¶8 "Construction of a statute is a question of law reviewed de novo."[8] The statute is clear about exceptions to the conviction. It specifically sets forth two instances in which the Department may, by a preponderance of the evidence, establish a vehicular assault and authorize benefits: (1) where the perpetrator is unascertainable because he has left the scene of the accident or (2) where the perpetrator is incapable of standing trial because of a "physical or mental infirmity or disability."[9] Neither of those specific conditions exist here.

---

[6] 143 Wn. App. 797, 805, 180 P.3d 829 (2008) (citation omitted) (quoting *Standlee v. Smith*, 83 Wn.2d 405, 408, 518 P.2d 721 (1974)).

[7] *See McDaniels v. Carlson*, 108 Wn.2d 299, 305, 306, 738 P.2d 254 (1987) (no identity of issues between paternity finding in prior dissolution and paternity action because issue of paternity was not actually litigated in dissolution, only presumed).

[8] *Anthis v. Copland*, 173 Wn.2d 752, 755, 270 P.3d 574 (2012).

[9] RCW 7.68.020(5)(i)(C).

¶9 When a statute includes specific situations wherein it applies, the implication is that other situations are intentionally omitted.[10] Originally the Act excluded vehicular crimes from its definition of "criminal act" except where intentionally inflicted or part of the commission of another criminal act.[11] The Laws of 1983, chapter 239, § 4 created an "exception to the exception" whereby certain vehicular crimes became covered under the Act.[12] In 1987, the legislature added further exceptions to the vehicular crime exclusion permitting the Department to determine whether vehicular assault had been committed by a preponderance of the evidence in certain specific circumstances.[13] Unfortunately, dismissing a charge as part of a guilty plea agreement for the same act involving a different victim does not fall within the ambit of those specific exceptions set forth by the legislature.

¶10 Accordingly, we are constrained to affirm.

SCHINDLER and LAU, JJ., concur.

---

[10] *In re Det. of Strand*, 167 Wn.2d 180, 190, 217 P.3d 1159 (2009).

[11] LAWS OF 1973, 1st Ex. Sess., ch. 122, § 2.

[12] *Bennett v. Dep't of Labor & Indus.*, 38 Wn. App. 681, 682 n.2, 687 P.2d 882 (1984).

[13] LAWS OF 1987, ch. 281, § 6 (codified as former RCW 7.68.020(2)(i)(A)-(C)).