IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| ALEX RAVIKOVICH, | ) | No. 69612-2-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT LONG and JANE DOE LONG, and their marital community composed thereof, | ) | UNPUBLISHED OPINION |
| | ) | |
| Defendants, | ) | |
| | ) | |
| V-SQUARED, LLC, a Washington Limited Liability Company, | ) | |
| | ) | |
| Respondent. | ) | FILED: March 17, 2014 |

SCHINDLER, J. — Alex Ravikovich appeals summary judgment dismissal of his lawsuit against V-Squared LLC for violation of the Consumer Protection Act, chapter 19.86 RCW. Because the same facts and issues were previously litigated in a binding mandatory arbitration, we affirm.

FACTS

On April 28, 2006, Alex Ravikovich entered into a contract with V-Squared LLC to construct a single family residence in Bellevue, Washington. The contract contained a mandatory arbitration provision. Ravikovich provided V-Squared with site plans he had obtained from a previous contractor.

At some point after construction began, V-Squared discovered the site plans depicted elevations which differed from actual elevations by more than six feet. Consequently, the slope of the driveway exceeded the maximum allowed by the city of Bellevue. Redesign options for the driveway were greatly limited by the site's topography. In an effort to address this problem, V-Squared asked the adjacent property owner Robert Long for permission to construct retaining walls on his property to laterally support construction of a redesigned driveway on Ravikovich's property.

In late July or early August 2006, Long orally agreed that V-Squared could construct retaining walls on his property on the condition that certain landscaping and other improvements were completed, and that Long and Ravikovich execute and record an easement agreement. V-Squared constructed the driveway and retaining walls.

Long asserted that the conditions had not been met and refused to sign a proposed easement agreement. As a result of this and other problems, Ravikovich disputed the amount owed for the construction project. V-Squared filed a lien foreclosure and breach of contract complaint against Ravikovich.

On August 16, 2007, Ravikovich and V-Squared submitted their dispute to the American Arbitration Association. V-Squared asserted claims for "unpaid charges for workmanship and materials." Ravikovich asserted claims against V-Squared for "filing excessive lien under RCW 60.04.081, and for excessive demand for payment, failure to obtain proper permits, failure to obtain proper approval of change orders, failure to obtain and/or follow site engineering plans and reports, failure to inform homeowner of site problems."

On July 2, 2008, the arbitrator issued a decision. The arbitrator found that "[b]oth parties contributed not only to the creation of some of the problems but also to the difficulty of resolving them because of their departure from the requirement for clear written documents." The arbitrator awarded damages plus attorney fees and costs for a total judgment of $159,353.10 to V-Squared. The superior court denied Ravikovich's motion to vacate the award and entered a judgment against Ravikovich.

On July 11, 2008, Long filed a lawsuit against Ravikovich alleging trespass, breach of agreement, damages, and ejectment. On June 18, 2010, the court dismissed the Long lawsuit without prejudice for failure to prosecute.

On June 6, 2011, Ravikovich filed a lawsuit against V-Squared alleging violation of the Consumer Protection Act (CPA), chapter 19.86 RCW, and unfair or deceptive acts or practices. V-Squared filed a motion for summary judgment arguing Ravikovich's claims were barred by collateral estoppel, res judicata, and the statute of limitations. The trial court granted summary judgment dismissal. The court ruled that the claims were barred by collateral estoppel based on the issues decided in the prior arbitration. Ravikovich appeals.

## ANALYSIS

Ravikovich contends the court erred in dismissing his lawsuit on summary judgment and ruling collateral estoppel barred his CPA claims.[1]

" 'The standard of review of an order of summary judgment is de novo, and the appellate court performs the same inquiry as the trial court.' " Smith v. Safeco Ins. Co., 150 Wn.2d 478, 483, 78 P.3d 1274 (2003) (quoting Jones v. Allstate Ins. Co., 146 Wn.2d 291, 300, 45 P.3d 1068 (2002)). Summary judgment is proper if the pleadings,

---

[1] Ravikovich's arguments on appeal are directed specifically to the CPA claims.

3

affidavits, depositions, and admissions on file demonstrate that there are no genuine issues of material fact, and that the moving party is entitled to judgment as a matter of law. CR 56(c).

"Under the doctrine of collateral estoppel, once 'an issue of ultimate fact has . . . been determined by a valid and final judgment, that issue cannot be relitigated between the same parties in any future lawsuit.' " Lopez-Vasquez v. Dep't of Labor & Indus., 168 Wn. App. 341, 345, 276 P.3d 354 (2012)[2] (quoting State v. Williams, 132 Wn.2d 248, 253-54, 937 P.2d 1052 (1997)). "The purpose of the doctrine is to promote the policy of ending disputes." Nielson v. Spanaway Gen. Med. Clinic, Inc., 135 Wn.2d 255, 262, 956 P.2d 312 (1998). Reninger v. Department of Corrections, 134 Wn.2d 437, 449, 951 P.2d 782 (1998), identified the elements of collateral estoppel as follows:

> (1) identical issues; (2) a final judgment on the merits; (3) the party against whom the plea is asserted must have been a party to or in privity with a party to the prior adjudication; and (4) application of the doctrine must not work an injustice on the party against whom the doctrine is to be applied.

Ravikovich argues the issues are not identical because the contract claims adjudicated in the arbitration and the CPA claims advanced in the current lawsuit are distinct legal theories with different elements and remedies. Ravikovich's argument conflates collateral estoppel with res judicata. The doctrine of collateral estoppel differs from res judicata. Instead of preventing a second assertion of the same claim or cause of action, collateral estoppel prevents relitigation of issues between the parties even though a different claim or cause of action is asserted. Seattle-First Nat'l Bank v. Kawachi, 91 Wn.2d 223, 225-26, 588 P.2d 725 (1978). Accordingly, while the contract and CPA claims have differing elements, that has no bearing on the collateral estoppel

---

[2] (Alteration in original.)

4

analysis. Collateral estoppel prevents relitigation of ultimate facts and issues regardless of the specific cause of action.

Ravikovich claims V-Squared failed to meet its burden of showing "that the fact determined in the first action is essential, and not merely collateral or incidental, to the right asserted in the second." Beagles v. Seattle-First Nat'l Bank, 25 Wn. App. 925, 930, 610 P.2d 962 (1980). Although the arbitrator did not specifically rule on encroachment and trespass, in order to resolve the dispute regarding the amount owed for construction of the residence, the arbitrator had to address the responsibility of the parties regarding easements. Ravikovich argued to the arbitrator that V-Squared failed "to request from owner or obtain easements from adjacent owners prior to grading for driveway." The arbitrator specifically ruled that "[t]he easement and short plat problems relate to title difficulties which are the responsibility of the Owner, not the Contractor. There is no requirement in the contract for the Contractor to apply for easements."

Under the CPA, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are . . . unlawful." RCW 19.86.020. Ravikovich's complaint that V-Squared's actions and omissions in failing to obtain a proper easement is the crux of his CPA claims:

> 3.9.    V-Squared LLC omitted, misrepresented and/or concealed material fact from Mr. Ravikovich that necessary easement registration and recording with King County was [a] necessary requirement to begin construction work.

On appeal, Ravikovich characterizes the issue in the current lawsuit as "whether V-Squared, LLC, violated [the] Consumer Protection Act by building Ravikovich's house so that it intruded on the Long's property and required removal or reconstruction to correct the problem." Ravikovich also claims Long's lawsuit against Ravikovich is a

"different factual issue" that was not present or litigated during the arbitration. However, the record shows that Ravikovich was well aware of problems concerning the placement of the driveway prior to the arbitration.[3] Because the essential factual basis of the CPA claim was resolved against Ravikovich in the prior arbitration, the court did not err in concluding that Ravikovich's CPA claims were barred by collateral estoppel.

Ravikovich next argues that the decision of the arbitrator is not a final judgment for purposes of collateral estoppel. We disagree. In Neff v. Allstate Insurance Co., 70 Wn. App. 796, 799-800, 855 P.2d 1223 (1993), we held that an arbitration decision is a prior adjudication for purposes of collateral estoppel.

Similarly, Ravikovich's argument that the trial court lacked a proper record to apply collateral estoppel because it did not have a copy of V-Squared's original complaint for breach of contract against Ravikovich lacks merit. Ravikovich has not explained why the original complaint was necessary for the trial court to determine whether issues adjudicated in the arbitration precluded his CPA claims.

Both parties seek attorney fees and costs on appeal based on the contract. The contract between Ravikovich and V-Squared provides that "[i]n the event of any arbitration or litigation relating to the project, project performance or this contract, the prevailing party shall be entitled to reasonable attorney fees, costs and expenses." "We may award attorney fees under RAP 18.1(a) if applicable law grants to a party the right to recover reasonable attorney fees and if the party requests the fees as prescribed by RAP 18.1." Wachovia SBA Lending, Inc. v. Kraft, 165 Wn.2d 481, 493, 200 P.3d 683

---

[3] Ravikovich also argues that in April 2006, V-Squared's president Vadim Tsemekhman misrepresented that he had a license. But the arbitrator ruled that "[b]ecause there are no documents reflecting what was said, not a contemporaneous memorandum of the negotiations, I cannot conclude that there was any misrepresentation."

(2009). A contract provision for an award of attorney fees supports an award of attorney fees on appeal under RAP 18.1. <u>W. Coast Stationary Eng'rs Welfare Fund v. City of Kennewick</u>, 39 Wn. App. 466, 477, 694 P.2d 1101 (1985).

Upon compliance with RAP 18.1, as the prevailing party under the contract, V-Squared is entitled to an award of reasonable attorney fees and costs on appeal.

Affirmed.

WE CONCUR: