# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| WILLIAM HENRY MORGAN, | No. 47811-1-II |
| v. | UNPUBLISHED OPINION |
| DEPARTMENT OF LABOR AND INDUSTRIES, | |
| Respondent. | |

MAXA, A.C.J. – William Morgan appeals the denial of his claim for benefits under the Crime Victim's Compensation Act (CVCA). He argues that he was entitled to compensation under the CVCA for injuries he sustained in a motor vehicle accident caused by an uninsured driver with a suspended driver's license. The Board of Industrial Insurance Appeals (Board) denied Morgan's CVCA claim, and the superior court affirmed.

Under RCW 7.68.070(1), a victim of a "criminal act" is eligible for CVCA benefits. RCW 7.68.020(5) provides that the unlawful operation of a motor vehicle is not a criminal act under the CVCA except in five specific situations not applicable here. We hold that Morgan is not eligible for benefits because the motor vehicle accident in this case does not fall within the CVCA's definition of a criminal act. We also reject Morgan's argument that the superior court improperly declined to supplement the record and Morgan's other claims. Accordingly, we affirm the Board's denial of Morgan's CVCA claim.

FACTS

*Motor Vehicle Accident*

Morgan was involved in a motor vehicle accident on July 20, 2013. Joshua Sulgrove rear-ended Morgan after following Morgan too closely. When Sulgrove continued driving without stopping, Morgan followed Sulgrove and called the police. The responding officer located and pulled over the two vehicles.

In his report, the officer noted that Morgan's car had no visible damage and Sulgrove's front bumper had only minor damage. The officer also noted that Sulgrove's license had been suspended and that he had no automobile insurance. The officer cited Sulgrove for driving with a suspended license in the third degree under RCW 46.20.342(1)(c), operating a motor vehicle without insurance under RCW 46.30.020, and following another vehicle too closely under RCW 46.61.145. Sulgrove was released at the scene.

Sulgrove eventually pleaded guilty to driving without a valid operator's license, RCW 46.20.015(1)(b). The remaining infractions were suspended, mitigated, or dismissed.

*CVCA Claim and Administrative Appeals*

Morgan submitted a claim under the CVCA to be compensated for the collision. In his application, he sought benefits for medical costs and loss of income. The Department of Labor & Industries (DLI) denied Morgan's claim on the basis that a "criminal act" within the meaning of the CVCA had not occurred. Morgan protested that decision and DLI upheld its decision.

Morgan appealed DLI's denial of his claim and the appeal was referred to the Board. An industrial appeals judge (IAJ) held a hearing and issued a proposed order dismissing Morgan's

appeal because he was not the victim of a criminal act. Morgan filed a petition for review of the IAJ's decision with the Board. The Board denied the petition for review and adopted the IAJ's decision.

*Superior Court Appeal*

Morgan appealed to the superior court. He filed multiple motions for summary judgment. The superior court notified him that local court rules did not allow for summary judgment on appeals from administrative hearings. Morgan also moved to supplement the record. He attached a summary judgment motion, a memorandum of authorities, and documents provided to him by DLI and the Board.

Morgan attended the hearing on his appeal by telephone. At the hearing, the superior court noted that it had reviewed the pleadings and Morgan's motion to supplement the record. The superior court orally ruled that it was affirming the Board and subsequently entered a written judgment. Morgan was not present, in person or by telephone, when the superior court signed the order.

Morgan appeals the superior court's ruling.

ANALYSIS

A.    STANDARD OF REVIEW

Our review of claims under the CVCA is governed by chapter 34.05 RCW, the Administrative Procedure Act (APA). RCW 7.68.110. When reviewing claims under the APA, we sit in the same position as the superior court and review the decision of the Board. *Darkenwald v. Emp't Sec. Dep't*, 183 Wn.2d 237, 244, 350 P.3d 647 (2015). The party

challenging the agency's decision has the burden of demonstrating that an agency action is invalid. RCW 34.05.570(1)(a).

Under the APA, we can grant relief from an agency decision based on one or more of nine grounds listed in RCW 34.05.570(3). Morgan apparently argues that the Board misinterpreted the CVCA, and the erroneous application of the law is one of the grounds for granting relief. RCW 34.05.570(3)(d). We review issues of statutory construction de novo under an error of law standard. *Pal v. Dep't of Soc. & Health Servs.*, 185 Wn. App. 775, 781, 342 P.3d 1190 (2015).

B.     RECOVERY UNDER THE CRIME VICTIM'S COMPENSATION ACT

Morgan argues that he is eligible for compensation under the CVCA for his injuries from the July 20 motor vehicle accident. We disagree.

RCW 7.68.070(1) limits eligibility for CVCA benefits to victims of a "criminal act." RCW 7.68.020(5) defines "criminal act" to include a state felony or gross misdemeanor or a comparable federal offense. However, the statute expressly states that a "criminal act" does not include the unlawful operation of a motor vehicle except in five specific circumstances: (A) an injury or death was intentionally inflicted, (B) the operation was part of the commission of a nonvehicular criminal act, (C) a death resulted from vehicular homicide or a vehicular assault conviction was obtained, (D) the driver was driving while intoxicated, or (E) the driver was criminally negligent in failing to secure a load. RCW 7.68.020(5)(i).

Here, Morgan's alleged injuries resulted from Sulgrove's operation of a motor vehicle. And Morgan submitted no evidence that Sulgrove's conduct fell within any of the five

4

enumerated categories in RCW 7.68.020(5)(i).  Therefore, Morgan was not a victim of a "criminal act" and is not eligible for CVCA benefits.

Morgan appears to make three arguments to support his claim.  First, he argues that the accident was a vehicular assault.  However, regardless of whether Morgan was in fact assaulted, a claimant's injury must result from a "*conviction* of vehicular assault" for the unlawful operation of a motor vehicle to constitute a "criminal act" under the CVCA.  RCW 7.68.020(5)(i)(C) (emphasis added); *see also Lopez-Vasquez v. Dep't of Labor & Indus.*, 168 Wn. App. 341, 346-47, 276 P.3d 354 (2012) (noting that a plea deal that dismisses a vehicular assault charge is insufficient to form the predicate criminal act).  No such conviction occurred in this case.

Second, Morgan states that Sulgrove was arrested as a result of the accident. However, an arrest because of the operation of a vehicle is not one of the categories in RCW 7.68.020(5)(i) that allows the unlawful operation of a vehicle to constitute a "criminal act."  In any event, the evidence shows that Sulgrove was not arrested.

Third, Morgan argues that he is entitled to recovery under WAC 296-20-19000, which relates to "permanent partial disability" awards.  But this regulation does not address CVCA benefits and does not eliminate the "criminal act" requirement.  In any event, this type of award is not available to crime victims who submit CVCA claims after July 2011.  RCW 7.68.070(14).

Morgan cannot show that his alleged injuries resulted from a "criminal act." Therefore, we hold that the Board did not err in denying Morgan's claim for CVCA benefits.

No. 47811-1-II

C.    SUPPLEMENTING THE AGENCY RECORD

Morgan argues that the superior court improperly ignored evidence he submitted on appeal of the Board's decision. We disagree.

Under the APA, judicial review of an appeal generally must be confined to the agency record. RCW 34.05.558. A reviewing court may consider additional evidence only in limited circumstances. RCW 34.05.562(1) provides:

> The court may receive evidence in addition to that contained in the agency record for judicial review, only if it relates to the validity of the agency action at the time it was taken and is needed to decide disputed issues regarding:
>     (a) Improper constitution as a decision-making body or grounds for disqualification of those taking the agency action;
>     (b) Unlawfulness of procedure or of decision-making process; or
>     (c) Material facts in rule making, brief adjudications, or other proceedings not required to be determined on the agency record.

A superior court's decision not to supplement the record should be reversed only upon a manifest abuse of discretion. *Samson v. City of Bainbridge Island*, 149 Wn. App. 33, 65, 202 P.3d 334 (2009).

Here, Morgan filed a motion to supplement the record and attached documents that he characterized as new discovery from the Board and DLI. Some of these documents may have been in the Board's record. But RCW 34.05.562(1) does not apply to any of these materials. Therefore, we hold that, to the extent the superior court did not consider them, it was not an abuse of discretion.

6

D.    ADDITIONAL CLAIMS

Morgan makes several other miscellaneous arguments.  We reject these arguments.

1.    Motion for a Stay of Proceedings

Morgan argues that he is entitled to a stay of the superior court judgment.  But the clerk of this court already rejected Morgan's motion for a stay because he failed to comply with RAP 17.3 and Form 18.  We will not reconsider that argument.

2.    Summary Judgment Motion

Morgan argues that the superior court improperly refused to consider his summary judgment motion.  However, Thurston County local court rules provide that summary judgment motions will not be heard in administrative review cases when the superior court must refer to the administrative record or transcript of administrative proceedings.  TLCR 56.  Because reference to the record was necessary in this case, the superior court properly refused to consider Morgan's summary judgment motion.

3.    Motion for a New Trial

Morgan argues that the superior court improperly refused to grant him a new trial.  However, CR 59(b)[1] requires that a motion for a new trial be filed within 10 days after the entry of judgment, order, or other decision.  Morgan waived this issue by failing to file a CR 59 motion.

---

[1] CR 59 has been amended since the events of this case transpired.  Because these amendments do not impact the subsection we reference, we do not use "former" before CR 59.

7

4.    Ex Parte Hearings

Morgan appears to argue that the superior court improperly held argument outside of his presence, citing to hearings in March and May of 2015.  However, Morgan requested to appear telephonically at the first hearing and he provided argument at that hearing.  The second hearing was for presentation to the superior court of the order affirming the Board's ruling.  However, Morgan does not argue that DLI failed to give him notice of this hearing.

5.    Sanctions Against DLI

Morgan argues that sanctions should be imposed against DLI based on, among other things, its suppression of evidence.  However, Morgan does not indicate what evidence he believes had been withheld from him.  Regardless, Morgan does not indicate what violation would justify CR 11 sanctions.

E.    ATTORNEY FEES ON APPEAL

Morgan argues in an affidavit of financial need that he is entitled to reasonable attorney fees on appeal.  We disagree.

Two reasons prevent Morgan from receiving attorney fees.  First, pro se litigants are generally not entitled to attorney fees, and Morgan does not indicate why that rule should not apply here. *In re Marriage of Brown*, 159 Wn. App. 931, 938, 247 P.3d 466 (2011) (noting an exception for attorneys who represent themselves).  Second, an appellant who contests an agency action is entitled to attorney fees if the appellant either (1) obtains relief "on a significant issue" or (2) the agency action was not "substantially justified."  RCW 4.84.350(1).  Morgan has satisfied neither of these criteria.  We reject Morgan's claim for reasonable attorney fees.

No. 47811-1-II

CONCLUSION

We affirm the Board's denial of Morgan's CVCA claim.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

_____
MAXA, A.C.J.

We concur:

_____
WORSWICK, J.

_____
SUTTON, J.