# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| TACOMA POLICE DEPARTMENT, | No. 54510-1-II |
| Respondent, | |
| v. | PUBLISHED OPINION |
| $51,657.39 UNITED STATES CURRENCY; ONE 2008 HONDA ODYSSEY, LIC#BIK7412, VIN#5FNRL38278B028851; 37 SOLISTEK BALLAST LIGHT COMBOS; 127 SUNTECH II BALLAST LIGHT COMBOS; 8 ARES II BALLAST LIGHT COMBOS; 20 GAVITA BALLAST LIGHT COMBOS; 2 E-FUSION BALLAST LIGHT COMBOS; 10 SUNTECH BALLASTS; 7 GALAXY BALLASTS; 9 SUNTECH BALLASTS; 1 ENERGY STATION BALLAST; 3 CHARCOAL-ACTIVATED FILTERS; 1 IN-LINE FAN; AND 16 LIGHT SHADES, | |
| Defendants in Rem, | |
| HONG MEI ZHEN, | |
| Appellant. | |

MAXA, J. – Hong Mei Zhen appeals the superior court's order denying her petition for judicial review of the City of Tacoma hearing examiner's denial of her motion to set aside the hearing examiner's default order confirming the forfeiture of her money, a vehicle, and drug paraphernalia that had been seized by the Tacoma Police Department (TPD).

TPD confiscated Zhen's property in conjunction with a charge against her for manufacturing a controlled substance. TPD mailed a notice of seizure and intended forfeiture of the property to Zhen. However, the notice was returned to TPD as undeliverable. TPD made no further efforts to provide notice to Zhen, even after Zhen twice came to TPD to inquire about her property and provided TPD with a new address.

The hearing examiner subsequently entered a default order confirming forfeiture of the items seized. TPD mailed a notice of the forfeiture order to Zhen at her new address. However, the notice did not inform Zhen of her right to move to set aside the default order or to petition for judicial review. Months later, Zhen filed a motion to set aside the default order based on a violation of due process. The hearing examiner denied the motion. Zhen petitioned for judicial review in the superior court under the Administrative Procedures Act (APA), chapter 34.05 RCW, and the superior court affirmed the hearing examiner.

We hold that (1) TPD violated Zhen's due process rights by not attempting to provide her with notice after the first notice was returned as undeliverable; (2) the forfeiture default order violated RCW 34.05.461(3) by failing to inform Zhen of her right under the APA to move to set aside the default order or to file a petition for judicial review of the default order; and (3) because of the due process and statutory violations, Zhen's motion to set aside the default order was not barred even though she did not file the motion within the statutory time frames.[1]

Accordingly, we reverse the superior court's order dismissing Zhen's petition for judicial review and remand with instructions to vacate the hearing examiner's order denying Zhen's

---

[1] Because of our holding, we do not address Zhen's arguments that her due process right to a hearing was violated by the hearing examiner before entering the forfeiture default order and by both the hearing examiner and the superior court in conjunction with her motion to set aside her default order.

motion to set aside the default order and to refer the case to the hearing examiner for further proceedings.

FACTS

*Background*

On June 18, 2018, TPD confiscated over $51,000 in cash, jewelry, a 2008 Honda Odyssey, and drug paraphernalia that belonged to Zhen. Zhen was charged with unlawful manufacture of a controlled substance. On June 19, the superior court released Zhen from custody subject to certain conditions of release. Among these conditions, the court prohibited Zhen from living at an address on E. 48th Street in Tacoma.

*Notice of Seizure and Intended Forfeiture*

On June 28, TPD sent to Zhen a notice of seizure and intended forfeiture of her property to the E. 48th Street address by way of regular and certified mail. The notice stated that Zhen had the right to a civil hearing regarding the seizure and forfeiture if she notified TPD within 45 days of the receipt of notice. At that time, the E. 48th Street address was listed for Zhen on her Department of Licensing (DOL) records, the registration records for her seized vehicle, and the Pierce County Jail's corrections data records.

Both the regular and certified mailings were returned to TPD as "not deliverable as addressed" and "unable to forward." Clerk's Papers (CP) at 37-38. There is no indication in the record that Zhen received TPD's notice of TPD's seizure and intended forfeiture. Zhen failed to respond to TPD in writing within the 45-day period stated in the notice.

On September 11, Zhen visited TPD and spoke with Officer Eric Robison. Zhen sought to retrieve her vehicle as well as the money and jewelry that had been confiscated. Robison told her that the vehicle and the money had been seized. Zhen stated that she had not received any

paperwork. Zhen provided Robison with a different address in Seattle than the one to which TPD had mailed notice. TPD did not inform Zhen at that visit that a forfeiture proceeding was pending and did not send notice of the forfeiture to the new address.

Within two weeks before October 29, Zhen returned to TPD and talked with Officer G. Benjamin about retrieving her money and jewelry. Robison told Benjamin to inform Zhen that TPD had seized the money, but that she could claim the jewelry and TPD would give it back. Again, TPD did not inform Zhen that a forfeiture proceeding was pending.

On October 29, Robison conducted a follow-up investigation and discovered several additional addresses for Zhen. He learned that Zhen had updated her address with the DOL to another address in Seattle. The record shows that Zhen was issued a driver's license with that address on July 11, 2018. TPD did not attempt to mail a notice of the forfeiture to any additional address.

Also on October 29, TPD attorney Keith Echterling twice spoke with Zhen's criminal defense attorney. Echterling informed the attorney that TPD was seeking forfeiture of Zhen's vehicle and money, that the notices TPD sent had been returned, and that he intended to file a default motion. The attorney responded that he only represented Zhen in her criminal case. Echterling did not ask the attorney to inform Zhen that a forfeiture proceeding was pending or ask for a current address for Zhen.

*Default Order Confirming Forfeiture*

On November 5, TPD filed an ex parte motion with the hearing examiner for a default order confirming forfeiture of Zhen's money, vehicle, and drug paraphernalia. On November 6, the hearing examiner entered the default order confirming the forfeiture.

On November 8, TPD sent Zhen notice of the default order at the address in Seattle that Zhen provided. The notice was in English without a Mandarin translation. The notice provided, "Enclosed please find your signed copy of the Order Confirming Forfeiture in the above matter" and stated that Zhen should contact Echterling with any questions. CP at 69. The notice did not advise Zhen that under the APA she could file a motion to set aside the default order or that she could appeal the default order.

*Motion to Set Aside Default Order*

On May 6, 2019, almost six months after the hearing examiner's default order, Zhen filed a motion to set aside the default order. She argued that service of the notice of seizure and intended forfeiture was deficient and that TPD violated due process because the notice was not reasonably calculated to apprise her of the forfeiture. In her reply, Zhen argued that the notice of the default order was deficient because the notice did not contain instructions on how to challenge the order and the notice was not translated into Mandarin.

The hearing examiner denied Zhen's motion. The hearing examiner ruled that TPD complied with the statutory notice and service requirements, and concluded that he did not have authority to address constitutional arguments. The hearing examiner also stated that Zhen's failure to file a motion to set aside the default order within seven days after entry of the order precluded his consideration of the motion.

*Petition for Judicial Review*

Zhen filed a timely petition for judicial review under the APA with the superior court, seeking reversal of the hearing examiner's order denying her motion to set aside the default order confirming forfeiture. The superior court entered an order denying Zhen's request to withdraw the default order.

Zhen appeals the superior court's order affirming the hearings examiner's denial of her motion to set aside the default order.

ANALYSIS

A. STANDARD OF REVIEW

The APA governs our review of administrative decisions in forfeiture proceedings. RCW 69.50.505(5); *City of Sunnyside v. Gonzalez*, 188 Wn.2d 600, 608, 398 P.3d 1078 (2017). We review the hearing examiner's decision, not the superior court's decision. *Gonzalez*, 188 Wn.2d at 608.

Under the APA, we may grant relief from the hearing examiner's order based on one of nine reasons listed in RCW 34.05.570(3). Grounds for relief include that the order is in violation of constitutional provisions and that the agency failed to follow a prescribed procedure. RCW 34.05.570(3)(a), (c). The person challenging the order has the burden of demonstrating the invalidity of that decision. RCW 34.05.570(1)(a). In addition, the challenging person is entitled to relief only if the order has substantially prejudiced that person. RCW 34.05.570(1)(d).

We may grant relief from an agency order in an adjudicative proceeding for a violation of due process under RCW 34.05.570(3)(c) where "[t]he agency has engaged in unlawful procedure or decision-making process." We review constitutional questions and an agency's application of the law de novo. *See Cornelius v. Dep't of Ecology*, 182 Wn.2d 574, 585, 344 P.3d 199 (2015).

B. ADEQUACY OF TPD'S NOTICE OF INTENDED FORFEITURE

Zhen argues that TPD did not provide her with constitutionally sufficient notice of the forfeiture because the notice TPD mailed was returned as undeliverable, and TPD made no further attempts to provide notice to her. We agree.

1.      Forfeiture Statute

RCW 69.50.505, part of the Uniform Controlled Substances Act, chapter 69.50 RCW, "provides for forfeiture of property that is connected to an intended or completed controlled substances violation." *Gonzalez,* 188 Wn.2d at 608.  "Forfeiture is intended to deter and penalize drug-related crimes by targeting the profits generated by the commercial production and distribution of controlled substances." *Id.*

RCW 69.50.505(3) requires a law enforcement agency under whose authority the seizure was made to give notice of a seizure and intended forfeiture of the seized property to the owner within 15 days following the seizure.  For personal property that is not subject to a security interest or certificate of title, the notice of seizure "may be served by any method authorized by law or court rule including but not limited to service by certified mail with return receipt requested."  RCW 69.50.505(3).

If no person notifies the seizing law enforcement agency in writing of a claim to ownership or possession of the seized property within 45 days of service of notice, "the item seized shall be deemed forfeited."  RCW 69.50.505(4).  If a person notifies the agency of a claim to ownership or possession within 45 days of service of notice, that person has a right to a forfeiture hearing.  RCW 69.50.505(5).

2.      Legal Principles – Due Process

Article I, section 3 of the Washington Constitution provides that "[n]o person shall be deprived of life, liberty, or property, without due process of law."  The Fourth and Fourteenth Amendments to the United States Constitution contain similar provisions.  Our Supreme Court has recognized that in forfeiture cases, "due process generally affords an individual notice and an

opportunity to be heard." *Tellevik v. Real Prop. Known as 31641 West Rutherford Street*, 125 Wn.2d 364, 370-71, 884 P.2d 1319 (1994).

Specific to adequacy of notice, the United States Supreme Court stated that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is *notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action* and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 865 (1950) (emphasis added). The court emphasized that "when notice is a person's due, process which is a mere gesture is not due process. The means employed *must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it*." *Id.* at 315 (emphasis added).

Multiple Washington cases have quoted portions of this language from *Mullane* with approval, although most of the cases did not involve the forfeiture statute. *E.g.*, *Wenatchee Reclamation Dist. v. Mustell*, 102 Wn.2d 721, 725-26, 684 Wn.2d 1275 (1984); *Okanogan County v. Various Parcels of Real Prop.*, 13 Wn. App. 2d 341, 351, 466 P.3d 1114 (2020); *Ryan v. Dept. of Soc. & Health Servs.*, 171 Wn. App. 454, 472, 287 P.3d 629 (2012); *Bruett v. Real Prop. Known As 18328 11th Ave. N.E.*, 93 Wn. App. 290, 298, 968 P.2d 913 (1998) (civil forfeiture case).

The United States Supreme Court in *Dusenbery v. United States* concluded that *Mullane* provided the analytical framework for due process claims regarding the adequacy of notice of a forfeiture action. 534 U.S. 161, 167, 122 S. Ct. 694, 151 L. Ed. 2d 597 (2002). Relying on *Mullane*, the Court stated that the appropriate question was whether the notice given was

reasonably calculated under all the circumstances to apprise the property owner of the pendency of the forfeiture. *Id.* at 168.

In *Jones v. Flowers*, 547 U.S. 220, 126 S. Ct. 1708, 164 L. Ed. 2d 415 (2006), the Court addressed a factual scenario similar to the facts here. In that case, the petitioner was delinquent in payment of his property taxes, and the commissioner of state lands sent him a certified letter stating that the property would be sold if the taxes were not paid. *Id.* at 223. The letter was returned as unclaimed. *Id.* at 224. The commissioner subsequently received an offer to purchase the property, and he again sent a certified letter stating that the property would be sold if the taxes were not paid. *Id.* Again, the letter was retuned as unclaimed. *Id.* The commissioner sold the house, and the petitioner filed suit based on a violation of due process. *Id.*

The Court held that "when mailed notice of a tax sale is returned unclaimed, the State *must take additional reasonable steps* to attempt to provide notice to the property owner before selling his property, if it is practicable to do so." *Id.* at 225 (emphasis added). The Court quoted the language in *Mullane* that " '[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it.' " *Id.* at 229 (quoting *Mullane*, 339 U.S. at 314). The Court stated, "We do not think that a person who actually desired to inform a real property owner of an impending tax sale of a house he owns would do nothing when a certified letter sent to the owner is returned unclaimed." *Jones*, 547 U.S. at 229.

The Court also referenced two cases where notice was found inadequate based on "unique information about an intended recipient" even though the government followed the statutory scheme. *Id.* at 230. In *Robinson v. Hanrahan*, notice of forfeiture proceedings was sent to a vehicle owner's home address when the State knew that the owner was in prison. 409 U.S. 38, 39-40, 93 S. Ct. 30, 34 L. Ed. 2d 47 (1972). In *Covey v. Town of Somers*, town officials

knew that the property owner was incompetent. 351 U.S. 141, 146-47, 76 S. Ct. 724, 100 L. Ed. 1021 (1956). The Court in *Jones* stated, "the government's knowledge that notice pursuant to the normal procedure was ineffective triggered an obligation on the government's part to take additional steps to effect notice." 547 U.S. at 230.

 3. Due Process Analysis

As in *Jones*, the notices that TPD sent by both regular and certified mail were returned as undeliverable. In response, TPD did not nothing. TPD made no further attempts to actually inform Zhen of the pending forfeiture even though it knew that notice had been ineffective. Under *Mullane* and *Jones*, TPD's inaction violated due process if it was practicable for TPD to take "additional reasonable steps to attempt to provide notice" to Zhen before forfeiting her property. *Jones*, 547 U.S. at 225.

TPD easily could have taken additional reasonable steps to give notice to Zhen. First, two months before the forfeiture on September 11, 2018, Zhen appeared in person at TPD to inquire about the property that had been confiscated. TPD could have given her notice then. Zhen also provided TPD with a new address at that time. TPD could have mailed notice to that address. And Zhen returned to TPD approximately three weeks before the forfeiture, and again TPD could have given her notice then.

Second, investigation would have revealed by at least August 31, more than two months before the forfeiture, that Zhen had changed her address with DOL. TPD actually discovered that additional address on October 29. TPD could have mailed notice to that address.

Third, TPD was in contact with Zhen's criminal defense attorney during the pendency of the forfeiture proceedings. TPD's attorney twice spoke with Zhen's attorney and even informed him that TPD's efforts to serve notice on Zhen were unsuccessful. Although the attorney stated

that he did not represent Zhen in the forfeiture action, TPD could have asked for an updated mailing address for Zhen during those conversations or even asked the attorney to relay notice to Zhen.

TPD argues that under *Mullane*, its interest in deterring drug crimes through forfeiture of personal property used to facilitate drug activity must be balanced against Zhen's interest in her personal property. TPD claims that the balance of interests did not compel TPD to take additional steps to provide notice in this case.

*Jones* does quote *Mullane* for the proposition that "assessing the adequacy of a particular form of notice requires balancing the 'interest of the State' against 'the individual interest sought to be protected by the Fourteenth Amendment.' " *Jones*, 547 U.S. at 229 (quoting *Mullane*, 339 U.S. at 314). But neither *Mullane* nor *Jones* engaged in a balancing process. The *Mullane* test is whether notice was "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action" and requires that "[t]he means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." 339 U.S. at 314, 315.

In any event, TPD's argument that its interest prevails over Zhen's interest is unpersuasive. Zhen's interest in over $50,000 in cash and a vehicle is significant. And while TPD's interest in suppressing drug activities also is significant, TPD with minimal effort could have provided actual notice to Zhen rather than doing nothing when its attempted notice failed.

The record shows that TPD did not provide "notice reasonably calculated, under all the circumstances," to apprise Zhen of the pendency of the forfeiture action. *Mullane*, 339 U.S. at 314. We agree with the Court in *Jones* that a person who actually desired to inform a property owner of an impending sale of that property would not "do nothing when a certified letter sent to

the owner is returned unclaimed." 547 U.S. at 229. Therefore, we conclude that TPD violated Zhen's due process rights by providing insufficient notice of seizure and intended forfeiture and that the default order confirming forfeiture must be vacated.

C.    NOTICE OF HEARING EXAMINER'S DEFAULT ORDER

Zhen argues that the forfeiture default order and the notice of the order that TPD sent to her were inadequate because they did not inform Zhen of her right to move to set aside the default order or to petition for review of the default order. We agree.

RCW 34.05.461(3) addresses the content of a final order issued in an APA proceeding and states: "The order shall also include a statement of the available procedures and time limits for seeking reconsideration or other administrative relief." The City of Tacoma's Office of the Hearing Examiner Rules of Procedure for Hearings (HEXRP) provide that procedures for forfeiture hearings must comply with the APA. HEXRP 4.03(e). TPD concedes that the default order did not comply with RCW 34.05.461(3). And TPD's notice of default order did not cure this deficiency. Neither the default order nor TPD's notice of the order advised Zhen that she could file a motion to set aside the default order or that she could file a petition for judicial review of the default order.

TPD's only argument is that the deficiency in the default order and the notice of the default order did not prejudice Zhen. In order to obtain judicial relief under the APA, a petitioner must show prejudice. RCW 34.05.570(1)(d). However, we can infer that Zhen would have moved to set aside the default order immediately or filed a timely petition for judicial review of the default order if she had been informed of her options.

We conclude that the forfeiture default order was deficient because it violated RCW 34.05.461(3).[2]

D.    TIMELINESS OF MOTION TO SET ASIDE DEFAULT ORDER

TPD argues that Zhen's motion to set aside the forfeiture default order was barred because the motion was untimely under the APA and the HEXRP. We disagree under the specific facts of this case.

Under RCW 34.05.440(3), a party against whom a default order has been entered may file a motion to vacate the default order within seven days after service of the default order. HEXRP 1.19 contains a similar provision. In addition, RCW 34.05.542(2) states that a petition for judicial review of an administrative order must be filed within 30 days after service of the order. Zhen did not file her motion to set aside the default order within seven days or file a petition for judicial review within 30 days.

However, as discussed above, the forfeiture default order violated RCW 34.05.461(3) by failing to inform Zhen that she had the right to file a motion to set aside the default order or to petition for review of the default order. That failure was exacerbated by TPD's due process violation in failing to take reasonable steps to give Zhen notice of the forfeiture proceeding. Under these specific circumstances, we conclude that Zhen's motion to set aside the default order was not barred even though her motion to set aside the default order was not timely under RCW 34.05.440(3) and she failed to file a petition for judicial review within 30 days after service of the default order. *See Pal v. Dep't of Soc. & Health Servs.*, 185 Wn. App. 775, 778, 342 P.3d 1190 (2015) (holding that a petitioner's untimely request for a hearing did not warrant

---

[2] Because we conclude that the default order was deficient on other grounds, we decline to address Zhen's argument that the notice of the default order was deficient because it was not translated in Mandarin.

dismissal because the agency violated due process in failing to reasonably apprise the petitioner of the deadline for requesting a hearing).

CONCLUSION

We reverse the superior court's order dismissing Zhen's petition for judicial review and remand with instructions to vacate the hearing examiner's denial of Zhen's motion to set aside the default order and to refer the case to the hearing examiner for further proceedings.

MAXA, J.

We concur:

SUTTON, A.C.J.

CRUSER, J.